—————o—————

JAMES FARRA, *et al.*, Appellants. *vs.* WILLIAM QUIGLY, Respondent.

1. *Homestead bought, after indebtedness accrued, with proceeds of former homestead.* —Under a proper construction of the Homestead Act, (Wagn. Stat., 698, §§ 7, 8, 9,) a homestead purchased with the housekeeper's means is not exempt from being taken for a debt contracted before its purchase and the filing of the deed for it, unless such homestead is acquired by a sale of a previous one. It is immaterial whether the homestead was acquired directly or indirectly from the former homestead; but it must be procured with the proceeds derived from the sale of the homestead proper and not other land owned in connection with the homestead tract.

*Appeal from Linn Circuit Court.*

*A. W. Mullins*, for Appellants.

*G. D. Burgess*, for Respondent.

NAPTON, Judge, delivered the opinion of the court.

This was an action of ejectment, to recover about 81 acres of land in Linn county. The plaintiff bought the land at sheriff's sale and got a deed for it. The judgment under

*[In this case, a motion for a re-hearing was made and overruled, but no further opinion given.—REP.]

which the sale was made, was rendered the 16th of June, 1872, on a note executed by defendant on the first day of Sept., 1869. The defendant relied on the protection of the statute concerning homesteads, and the only question in the case arises on this point.

The facts seem to be undisputed. At and prior to the execution of the note of Sept., 1869, defendant lived in Sullivan county, on a tract of land containing about 434 acres, which he had purchased from one Calhoun, and worth about $2,500. The defendant, during the year 1869, traded off about 200 acres of this tract in Sullivan county for 47 acres of land in Indiana and a note for $600, still retaining his homestead in Sullivan county. Afterwards, and perhaps in the same year, he exchanged this place in Sullivan county for a tract of 60 acres in Linn county, owned by one Henderson, and in the Spring of the year 1870, moved on to this Henderson place, with his family, and occupied it during this season. Before this he had traded off his Indiana land for a tract of land in Mercer county, Mo., containing about 390 acres, and finally with this Mercer county land and the note for $600, obtained in the Indiana trade, he bought the place on which he was living with his family when the execution was levied. He still retained the Henderson place, on which his son lived, after he moved to the place in controversy, called the Wells place.

Upon these facts the court declared the law to be "that if the court believes from the evidence that defendant was the head of a family with whom he resided in Sullivan county, Mo., and at that time owned a tract of land which he occupied as a homestead, at and prior to the execution of the note upon which the judgment was rendered under which plaintiffs claim title to the premises here sued for; and that he acquired the premises in controversy by means of the sale or exchange of the Sullivan county land and was occupying the same with his family as a homestead, at the commencement of this suit, it is bound to find for the defendant, provided, it further believes that the premises here sued for do not contain a greater number of acres than 160, and are not of greater value than the sum of fifteen hundred dollars."

The plaintiffs asked an instruction which was refused, to the effect that: "Although the court finds that on 1st September, 1869, when the note was given by the defendant to plaintiffs, upon which plaintiffs recovered the judgment recited in the sheriff's deed, the defendant was residing on a farm in Sullivan county, containing upwards of 400 acres, purchased of Sam. P. Calhoun, and upon which there was still owing by defendant to said Calhoun, on account of the purchase money, about $1,000; and that after said 1st day of September, 1869, defendant traded 200 acres of said land for 47 acres of land in the State of Indiana and a note for $600, and that defendant after this last trade sold and exchanged the remainder of his land in Sullivan county, being 200 acres and over, to one Henderson for 60 acres of land in Linn county, which was conveyed to defendant by said Henderson; and that defendant moved to and occupied with his family the land so obtained from Henderson for several months before purchasing the land in controversy, and has not sold the same, and that defendant traded the Indiana land and the $600 note before mentioned for about 390 acres of land in Mercer county, and that while defendant was occupying with his family the land he had obtained from said Henderson, said defendant exchanged his said Mercer county land and the note for $600 to one E. P. Wells, for the premises now in question, and that defendant moved with his family from the Henderson place to the one now in controversy, then defendant cannot hold said premises now in question as against the plaintiffs under the homestead law."

This instruction or declaration of law was refused and the court found for defendant, and entered judgment accordingly.

The 7th section of the homestead law declares "such homestead shall be subject to attachment and levy of execution upon all causes of action existing at the time of the acquiring such homestead, except as herein otherwise provided; and for this purpose, such time shall be the date of the filing in the proper office for the records of deeds, the deed of such homestead, and (in case of existing debts) such homestead shall not

be subject to attachment or levy of execution upon any liability hereafter created."

Section 8, "Whenever such housekeeper or head of a family shall acquire another homestead in the manner provided in section 7 of this chapter, the prior homestead shall thereupon be liable for his debts, but such other homestead shall not be liable for causes of action against him to which such prior homestead would not have been liable : *Provided*, that such other homestead shall have been acquired with the consideration derived from the sale or other disposition of such prior homestead, or with other means not derived from the property of such housekeeper or head of a family."

The phraseology of these sections is singularly unhappy, but I conjecture that the meaning is, that a homestead is not exempt from being taken for a debt contracted before its purchase and the filing of the deed for it, unless such homestead is acquired by a sale of a previous one, and so the court below seems to have understood it ; but the court seems to have thought that because a part of the Sullivan county tract on which defendant had a homestead in 1869 and before, constituted the original source from which the means were derived to buy the Wells place in Linn county, the latter was therefore exempt. But the Sullivan county tract on which defendant lived, though it embraced his homestead, was a large tract of over 400 acres, and after selling 200 of it, or exchanging it for land in Indiana and a note, there was still left his homestead which the law exempted from execution—and this 200 acres, thus converted into Indiana land and a note, and subsequently into a large tract in Mercer county, constituted the means of acquiring the land sued for. The homestead in Sullivan county was ultimately exchanged for the Henderson tract in Linn county, and so long as defendant lived there, this land was exempt from execution.

The case of Vogler vs. Montgomery, (54 Mo., 577) did not involve any question concerning the construction of sections 7 and 8 of the homestead law.

It certainly makes no difference whether the homestead claimed to be exempt was acquired directly or indirectly from the sale of a former homestead ; but in this case the homestead claimed was derived, indirectly, from the 200 acres of the tract on which defendant lived in Sullivan county, embracing upwards of 400 acres, and therefore only exempt to the extent of 160 acres at farthest.   The defendant still had over 200 acres in Sullivan county, which was, to the extent of 160 acres, his homestead ; and the subsequent sale of which had no connection whatever with the purchase of the land in question.

Judgment reversed and cause remanded.   The other judges concur, except Judge Sherwood, absent.