Stivers v. Horne, et al.

LYMAN B. STIVERS, Defendant in Frror, *vs.* JOHN T. HORNE, *et al.*, Plaintiffs in Error.

1. *Fraudulent conveyances—Deed to wife—Embarrassed debtor.*—A deed to his wife made by a man, who at the time is largely indebted or in greatly embarrassed circumstances, will be set aside in favor of his creditors.

2. *Practice, civil—Record—Demurrer, disposal of—Jeofails, statute of.*—The record in a suit showed no formal decision of a demurrer, and no judgment thereon ; the bill of exceptions showed that it was overruled and default taken for failure to answer. The demurrer was frivolous. After demurring, the defendants so doing seem to have abandoned the case. *Held,* those defendants were not damaged ; that the statute of jeofails cured the defect.

3. *Practice, civil—Pleadings—Issues—Amendments—Reversal—Statute, construction of.*—In a suit to set aside a deed for fraud, a party was made defendant on his own motion, and by his answer and the reply an issue as to notice to him of the fraud was raised. *Held,* that an objection, that the petition did not charge notice to him, is untenable in this court. (Wagn. Stat., 1034–7, §§ 5, 6, 19, 20 ; Id., 1067, § 33.)

4. *Conveyances—Quit-claim—Innocent purchaser—Execution sale—Deed, suit to set aside.*—In a suit to set aside a deed for fraud by a purchaser of the grantor's interest at an execution sale, one, who purchased by quit-claim deed (Ridgeway vs. Holliday, 59 Mo., 444) several months after the execution sale, cannot claim to be a purchaser without notice.

5. *Homesteads—Debts anterior to acquisition of.*—A claim of homestead exemption will not avail against debts created prior to the acquisition of the land sued for. (Farra vs. Quigly, 57 Mo., 284.)

*Error to Atchison Circuit Court.*

*John P. Lewis,* for Plaintiffs in Error.

I. No judgment could be rendered till the demurrer was disposed of.

II. The petition below did not charge any knowledge on Lewis' part of the fraudulent practices of the other defendants. (King vs. Hudson R. R. R. Co., 2 Kern. [N. Y.], 119 ; Frazer vs. Roberts, 32 Mo., 457 ; Saufer vs. Saufer, 40 Mo., 160 ; Knox vs. Smith, 4 [U. S.], 298.)

III. The property in dispute was a homestead, acquired by the sale of a homestead, and was exempt from execution, and the sale could not be fraudulent as to creditors. (Cox vs. Wilder, 2 Dill. C. C., 46 ; Vogler vs. Montgomery, 54 Mo., 577 ; Buck vs. Ashbrook, 59 Mo., 200.)

IV. A conveyance from husband to wife is not of itself fraudulent as to creditors. It must deprive them of some means of obtaining their debts which existed before the conveyance, or have been made with fraudulent intent. (Eaton's Adm'r vs. Perry, 29 Mo., 96 ; Sexton vs. Wheaton, 8 Wheat., 229 ; Payne vs. Stanton, 59 Mo., 158.)

*Bennett Pike, with Durfee & McKillop,* for Defendant in Error.

I. Horne being insolvent at the time of the purchase of the land, and having purchased with his own means, the deed, therefore, to his wife was a fraud in law. (1 Sto. Eq., § 359 ; Potter vs. McDowell, 31 Mo., 62 ; Pawley vs. Vogel, 42 Mo., 291.)

II. Lewis is not an innocent purchaser as he claims under a quit claim deed. (Ridgeway vs. Holliday, 59 Mo., 444.)

SHERWOOD, Judge, delivered the opinion of the court.

Plaintiff, who is a judgment creditor of defendant, John T. Horne, brought his suit against the latter and wife to set aside a conveyance made to the wife, on the ground that such conveyance was made to hinder, delay and defraud the creditors of Horne. The petition also prayed injunctive relief with regard to the rents and profits of the premises in dispute, then in possession of a tenant of the wife.

The defendants, Horne and wife, who were non-residents of the State, appeared by attorney and filed a demurrer. Afterwards, the defendant, John P. Lewis, on his own application, was made party defendant, and filed a general denial of the material allegations of the petition, and claimed in his answer that he was a purchaser in good faith and without notice.

The temporary injunction called for, was denied ; but upon a final hearing of the case on the merits, the decree went in favor of the plaintiff, he being a purchaser at execution sale of defendant Horne's interest in the land in controversy.

I.

It is wholly unnecessary to discuss the evidence at length. Its careful perusal has satisfied us beyond doubt, that the

conveyance sought to be set aside was made in fraud of creditors, or else by a party largely indebted at the time, in greatly embarrassed circumstances, if not actually insolvent, when the conveyance in question was made. Our conclusion on this point, for these reasons, coincides with that of the circuit court.

## II.

It is, however, objected, that the record does not show that the demurrer was disposed of. Although there is no formal disposition of the demurrer, no judgment entered thereon, yet the bill of exceptions shows that the demurrer was overruled, and that a default was taken for failure to answer; and the defendants, Horne and wife, seem, after having demurred, to have abandoned the cause, which was thereafter actively participated in by the defendant Lewis alone. There was no ground for demurrer to the petition; it made the usual allegations, and the demurrer was merely frivolous.

In consequence of this, the defendants, who demurred, cannot be said to have been prejudiced by the mere failure to take formal action on their demurrer, by an appropriate entry. Our statute of jeofails is applicable to, and cures, a defect of this sort.

## III.

Another objection, equally futile, is, that the petition is faulty in not charging notice of the fraud, etc., on Lewis. The petition was not framed with the view of making him a party, but an issue as to notice was raised expressly by the answer and denied by the reply, and this accomplished all that could have been done by an amendment of the petition. (Wagn. Stat., 1034, *et seq.*, §§ 5, 6, 19, 20; Id., 1067, § 33.) There is therefore no room for complaint on this score.

## IV.

But Lewis was not a purchaser without notice. The evidence shows this very clearly. In addition to that, he held only by quit-claim deed (Ridgeway vs. Holliday, 59 Mo., 444); and that deed and the purchase, which it recites, were made months after plaintiff bought at execution sale.

## V.

This being an equity case, we shall not discuss the instructions given or refused, and as to the question of a homestead, in the premises in dispute, there was no evidence showing that Horne and wife had a homestead there at any time, and more especially at the time of the sale at which plaintiff acquired title. And even if there were evidence of this character, still it could not avail anything, as it is shown that the debts, for which plaintiff's judgment was rendered, accrued anterior to the acquisition of the land sued for. (Farra vs. Quigly, 57 Mo., 284.)

It results that the judgment of the lower must be affirmed. Judges Vories and Wagner absent. The other judges concur.