————o————

A. H. SHINDLER, et al., Appellants, vs. N. B. GIVENS, et al., Respondents.

1. *Homestead—Claim of, against—Execution—Appraisement—Unnecessary, when.*—Where it clearly appears that defendant in an execution claiming land as exempt under the homestead law has no foundation for such claim, the levy is not vitiated by the failure of the sheriff to appraise the property.

2. *Homestead—Deed of, not valid against execution, when.*—Under a proper construction of § 7 of the Homestead law, a levy of execution will hold land against

a homestead exemption where the deed of homestead is filed after the judg. ment under which the execution is issued.

*Appeal from Lafayette Circuit Court.*

*Wallace & Childs*, for Appellants.

The deed of defendant Givens, for said lots, was not filed for nearly six months, after the rendition of said judgment in favor of plaintiffs, and for that length of time after the lien of said judgment had fastened upon said lots and real estate. Hence, the deed could not prevail as against the execution. (Farra vs. Quigley, 57 Mo. 284 ; West River Bank vs. Gale, 42 Vt. 27 ; Wagn. Stat., 698, § 7.)

Vogler vs. Montgomery (54 Mo. 577) does not involve any question concerning the construction of sections seven and eight of the Homestead Law.

*Ewing, Smith & Pope*, for Respondents.

The levy of the sheriff was properly quashed. "The sheriff could not proceed with the levy on the premises in the actual occupancy of the defendant in the execution ' as a family residence,' until he had ascertained in the mode directed by the (homestead) act, the extent and value of the premises. The question of title was not to be investigated by the sheriff." (Vogler vs. Montgomery, 54 Mo. 577.)

SHERWOOD, Judge, delivered the opinion of the court.

This case comes before us in order that we may determine the propriety of the action of the lower court in quashing, at the instance of the defendant Givens, the levy of an execution on his alleged homestead. With respect to the motion, evidence was heard, whereby it appeared that the premises—two lots with a small house thereon, in the town of Waverly—did not exceed in dimensions or value, the statutory limit ; that the defendant, who had a family, had resided on the lots in question, from about the time of his purchase and the reception of a deed, on the 6th day of January, 1870 ; that such deed was not filed for record until January 31st, 1874 ; that the judgment of plaintiff on which the

execution issued, was rendered August 7th, 1873, and that notice of defendant's claim of homestead was duly served on the sheriff, prior to the day of sale, but had elicited no response. Two other lots in the same town and also a forty-acre tract were included in the levy.

The action of the court below is attempted to be upheld here, by a decision of this court, in Vogler vs. Montgomery (54 Mo. 577) ; but it will be found upon examination that section seven of the Homestead Act, whose proper solution must be decisive of this case, was not discussed in the one just cited, and so Judge Napton who delivered the opinion in that, as well as the later one of Farra vs. Quigly, (57 Mo. 284) takes occasion in the one last mentioned to remark. And it will be observed also, in reference to the case of Vogler vs. Montgomery, *supra,* that the right of Vogler to the Homestead was established beyond question. It remains to be ascertained whether this was as satisfactorily done in the present instance. And if it shall clearly appear that Givens was not entitled as he claimed, the failure of the sheriff to appoint appraisers, etc. etc., could certainly work the claimant no hurt, and therefore the mere technical remissness of the officer in this regard, would furnish no ground for quashing the levy. For it cannot, with any show of reason, be asserted, that the legislature ever intended that the barren and meaningless ceremony of appointing appraisers should occur as to a lot or tract of ground, wherein no homestead right, could, under the circumstances of the particular case, by any possibility exist. Of course, there will arise doubtful cases in which the officer, armed with final process, may well hesitate as to his duty—in which, perhaps, his safer method would be a literal observance of the provisions of the second section of the act under discussion ; but of that class of cases we are not now speaking.

Thus much as prefatory to the consideration of section seven on which we regard this case as hinging.

That section provides, among other things : "Such homestead shall be subject to attachment and levy of execution upon all causes of action existing at the time of acquiring such homestead, * * * * and for this purpose, such time shall be

the date of the filing in the proper office for the records of deeds, the deed of such homestead," etc., etc.

The evident object of this section, so far as it bears on the subject matter of the present controversy was to establish an unalterable criterion, to govern in all cases where disputes should arise as to the period when the homestead was acquired. That period, as definitely settled by statutory enactment, is " the date of the filing in the proper office, etc., the deed of such homestead."

Plaintiffs' cause of action must certainly have existed anterior to the rendition of judgment in their favor, in August, 1873, and since Given's deed was not filed for record until January, 1874, we cannot, without altogether ignoring the legislative test, hold that any homestead was acquired prior to the last mentioned period. This being the case, Givens had no such homestead right as could be successfully asserted in opposition to a cause of action which was necessarily a subsisting one at the time the plaintiffs recovered judgment against him. A conclusion similar to the one here reached, and on a section substantially identical with our own, was arrived at in Vermont, from which State our Homestead Act was derived. (West River Bank vs. Gale, 42 Vt. 27.) For these reasons we must hold the action of the circuit court in quashing the levy erroneous, reverse the judgment and remand the cause. All the judges concur.