Lincoln v. Rowe, et al.

*JAMES E. LINCOLN, Defendant in Error, *vs.* THOMAS ROWE, *et al.*, Plaintiffs in Error.

1. *Wife's note—Action to subject separate estate to the payment of—Judgment before justice.*—In an action to subject a married woman's separate estate to the payment of a note signed by herself and husband, the latter being totally insolvent, it is immaterial that judgment has been rendered thereon against herself and husband, before a justice of the peace.

2. *Homestead exemption, claim for as against debt—Homestead deed.*—A claim for homestead exemption, in order to avail against a debt, must rest upon a deed executed anterior to the creation of the debt. (Wagn. Stat. 698, § 7.)

### Error to Clay Circuit Court.

*Jno. G. Woods*, for Plaintiffs in Error, cited: Urquhart vs. Smith, 5 Kas. 447 ; Wilson vs. Boughton, 50 Mo. 17 ; Watson vs. Field, 10 Mo. 100 : Ashley vs. Gleason, 7 Mo. 32 ; Hill vs. City of St. Louis, 20 Mo., 584 ; Smith vs. Best, 42 Mo. 185 ; Boon vs. Miller's Ex'r, 16 Mo. 457 ; Hendrickson, Adm'r, vs. St. Louis, &c., 34 Mo. 188 ; Freem. Judgm., 210, 227 ; 1 Sto. Eq., § 166.

*Sam'l Hardwick*, for Defendant in Error.

SHERWOOD, Judge, delivered the opinion of the court.

The plaintiff sought in the court below to subject the separate estate of Nancy, the co-defendant and wife of the defendant, Thomas Rowe, to the payment of a promissory note alleged to have been signed by her, and was successful, a decree having been entered as prayed.

### I.

The note having been declared on as lost or destroyed, it was unnecessary that its execution should be denied under oath. (Wagn. Stat. 1046, § 45.) But when we consider the numerous quibbles and evasions of defendants' lack-candor answer, wherein they repeatedly deny, and then seemingly admit, the note's execution by Nancy ; when we couple this with somewhat of the circumstantial evidence tending to show that she signed the note, we are unprepared to say that the trial court acted without evidence of the execution of the note by her ; and we are equally

---

*For a former report of this case see 51 Mo. 571.

unwilling to disobey our statutory duty of discouraging, as far as possible, deceit in pleading and of securing parties from being misled. (Wagn. Stat. 1037, § 23.) Regarding, then, the note as signed by the wife, the usual result will attend her act.

## II.

Nor is it a matter at all important that a judgment had been rendered on the note before a justice of the peace, against both Thomas and Nancy ; for the judgment was a practical nullity as to the former, he being "notoriously insolvent," and a legal nullity as to the latter, a married woman, as to whom no valid judgment at law could be rendered. (Gage vs. Gates, 62 Mo. 412.)

## III.

In relation to the claim which Nancy makes for a homestead in a portion of the land sought to be subjected to sale, to satisfy the plaintiff's note, it is enough to say that it will be time to pass on that point when it shall appear that the homestead she claims ever had a legal commencement by filing the deed therefor for record, and that such filing occurred anterior to the creation of the debt whose recovery plaintiff seeks. (Shindler vs. Givens, 63 Mo. 394.)

In the absence of testimony in these particulars, we certainly shall not assume that Nancy has acquired a homestead, or that her debt to plaintiff was contracted subsequently to such acquisition.

The judgment is affirmed. Judges Norton and Henry not sitting ; the other judges concur.