THE STATE *ex rel.* MEINZER, *Appellant,* v. DIVELING.

1. **Interpretation of Statutes.** When the words of a statute are so ambiguous as to create a doubt as to their true meaning, recourse may be had to the occasion of the provision, the mischief complained of and the remedy sought to be applied by the law maker. When the intent has been ascertained, it may be followed, though not strictly according to the letter of the act.

2. **Homestead Law:** SEC. 7 CONSTRUED. The intent of section 7 of the Homestead Act, (Wag. Stat., p. 698,) is to secure to every head of a family who had an existing estate in lands at the time of the passage of the act a homestead free from the payment of debts contracted after that date, and to secure to every such person subsequently acquiring an estate, a homestead in it free from liability for debts contracted after the date of the filing for record the deed by which the title was acquired.

One who, prior to the passage of the act, had entered government land, received a certificate of entry, and was living with his family upon it, but had never taken out a patent, had an existing estate

within the meaning of section 7, so that it could not be taken for a debt subsequently contracted.

3. **A Fraudulent Conveyance of a Homestead** by the head of a family, does not produce a forfeiture of the benefits of the homestead exemption (following *Vogler v. Montgomery*, 54 *Mo.* 577).

*Appeal from Schuyler Circuit Court.*—HON. JOHN W. HENRY, Judge.

The homestead act was passed March 20th 1866.

*Higbee & Shelton* for appellant.

1. Jacob Diveling could not claim the land as his homestead, nor can his widow, as against the relator's demand. Wag. Stat., p. 698, § 7; 1 Am. Law Reg. (N. S.) 648, 649, note; *Shindler v. Givens*, 63 Mo. 394; *Lincoln v. Rowe*, 64 Mo. 138; *Farra v. Quigly*, 57 Mo. 284. The entry is noted on the plat book of entries; but no patent was ever issued, and Diveling never had any title of record. A patent to land from the government is entitled to record the same as any other conveyance. By obtaining one and filing it for record, he might have obtained the benefit of the act.

2. The decree in the cause between Frederick Meinzer, as plaintiff, Sibilla Diveling, as administratrix of the estate of Jacob Diveling, deceased, and John W. Diveling, defendants, estops the present defendants from pleading that said lands were the homestead of deceased. 1 Am. Law Reg. (N. S.) p. 710; *Union R. R. & T. Co. v. Traube*, 59 Mo. 362; *Gould v. R. R. Co.*, 91 U. S. 533.

*F. T. Hughes* for respondent.

1. A construction of the 7th section that would exclude all persons in the State from the benefits of our homestead law, who have not procured a patent from the general government, and had the same recorded in the proper county, would certainly be a very narrow and cold con-

struction of the act, one which our Legislature never could have intended, whatever language it may have used in drafting the section. But I am sure the language of the section admits of no such construction.

2. Diveling had an existing estate when the act was passed, and no record of deeds is necessary.

3. The action of the court in setting aside the deed of Diveling to his son, made during his life time, cannot avail relator. If the deed was fraudulent, the title remained in the father, and at his death vested in his wife and minor children as homestead; if not, then the title was in the son, and relator cannot sell it for debts of deceased. *Vogler v. Montgomery*, 54 Mo. 583.

Norton, J.—This is a suit instituted on the bond of Sibilla Diveling, administratrix of the estate of Jacob Diveling. It appears from the pleadings in the case that in 1869, Jacob Diveling executed his note to relator for the sum of $500; that after the execution of said note the said Diveling made a voluntary conveyance of one hundred and sixty acres of land in Schuyler county, to John W. Diveling; that relator obtained judgment on said note against said Diveling in the Schuyler county circuit court, and instituted a proceeding in said court against John W. Diveling and Sibilla Diveling, administratrix of Jacob Diveling, he, the said Jacob, having in the meantime died, and relator having before the institution of said proceeding, had an allowance against his estate in the probate court of said county for $257, which was assigned to the fourth class of demands. Said proceeding resulted in a decree declaring the conveyance from Jacob Diveling to John W. Diveling fraudulent and void as to creditors, and directing Sibilla Diveling, administratrix, to make and file an inventory of the land thus attempted to be conveyed to John W., in the probate court of said county. The failure by the said Sibilla to make and file this inventory of

the land, after having been requested to do so by relator, is the alleged breach of the bond.

Defendants, in their answer, admit the refusal of the administratrix to inventory the land, and allege that she was not bound to do so, because the land in question was the homestead of said Jacob Diveling, and not subject to the payment of relator's debt.

On the trial it was admitted that the land in question was entered by Jacob Diveling, deceased, in November, 1852, and that the certificate of entry was issued to him, and that no patent was ever issued to said deceased in his lifetime, and has not been issued by the United States government for said land, and the said deceased has no conveyance of any kind to him of record, except an entry upon the plat book, which is duly certified and on file in the recorder's office for the record of deeds in Schuyler county, previous to the accruing of plaintiff's demand; that said plat shows that the deceased, Jacob Diveling, duly entered said land before the accruing of plaintiff's demand. The cause was submitted to the court upon the above state of facts, without the intervention of a jury, and judgment was rendered in favor of defendants, from which plaintiff has appealed.

It is urged, as a reason for the reversal of the judgment, that the facts admitted show that the land in question was not such homestead, as under the law exempted it from sale for the satisfaction of relator's debt, because no deed showing title in Jacob Diveling had been placed on record anterior to the contracting of the debt to relator. The question here presented involves a construction of the 7th section, Wag. Stat., p. 698, which is as follows: "Such homestead shall be subject to attachment and levy of execution upon all causes of action existing at the time of acquiring such homestead, except as herein otherwise provided; and for this purpose such time shall be the date of the filing in the proper office for the record of deeds, the deed of such homestead; and, in case of existing estates,

such homestead shall not be subject to attachment or levy of execution upon any liability hereafter created."

This section is somewhat obscure, and in construing it, regard should be had to the true intent of the law, the discovery of which is the object of all rules of interpretation. When the words are unambiguous, they of course must govern. But when the terms of the law are so ambiguous as to create a doubt, recourse may be had to the occasion of the provision, the mischief complained of, and the remedy sought to be applied by the law maker. When there can be no question as to the intent, it may be followed, though not strictly according to the letter of the law.

Searching then for this intent, it is manifest from the whole frame work of the statute creating homesteads, of which the section quoted is a part, that the Legislature intended that each householder or head of family in the State should be allowed to claim, as a homestead, certain real estate, limited in quantity, and also in value, free from seizure and sale, either on attachment or execution. But as it would be unjust to confer that right as to existing estates, without providing that such homestead should be liable for debts existing at the time of the passage of the law, section 7 was inserted to accomplish that purpose, and the further purpose of providing in what cases homesteads acquired subsequently to the enactment should be subject to seizure and sale on execution. We, therefore, think, that the intent of section 7, though not very clearly expressed, was to secure to householders or heads of families having an existing estate in lands at the time of the passage of the law, a homestead in such estates free from the payment only of debts contracted after the passage thereof, and to secure to persons not having existing estates at the time of its enactment, homesteads in lands acquired subsequently thereto, free from liability only for debts contracted after the date of the filing for record, the deed through or by which the title was acquired. This construction gives effect to the whole section, whereas, if

the one contended for should be adopted, the words "in cases of existing estates," occurring in the last clause of the section, would be without meaning.

We have no doubt but that Diveling, deceased, was entitled to the land as a homestead, and that as such it was not subject to the payment of relator's claim. The land was entered by Diveling in 1852, he had a certificate of entry upon which he could maintain ejectment, he had an existing estate in the land at the time the law was passed, and the debt for which relator is seeking to make it liable was contracted in 1869, and the section in question forbids the sale of the land thus acquired by Diveling in the following language: "and (in case of existing estates), such homestead shall not be subject to attachment or levy of execution upon any liability hereafter created." Under this view the case of *Shindler et al. v. Givens*, 63 Mo. 396, to which we have been cited, has no application to the case we are considering. In that case the title to the land claimed as a homestead, was evidenced by deed dated in 1870, which was not placed on record till 1874. The debt for which the land was sought to be made liable, was contracted prior to the date of filing the deed for record; and for the reason that the estate was acquired after the passage of the homestead law, and the further reason that the deed by or through which it was acquired, was not filed for record till after the debt was contracted, it was held that the land was liable to the payment of the debt.

It is, however, said that Diveling fraudulently conveyed the land, and that the proceeding instituted by relator against the grantee, and Sibilla Diveling, administratrix, and widow of Jacob Diveling, deceased, in the circuit court of Schuyler county, and the decree of the court declaring that the conveyance was a fraudulent conveyance, was binding and conclusive upon the defendant, Sibilla, and her children.

The case of *Vogler v. Montgomery et al.*, 54 Mo. 583, settles this point against plaintiff. It was there held that

a fraudulent conveyance of a homestead on the part of the head of a family will not produce a forfeiture of the benefits of a homestead exemption.

In *Cox v. Wilder*, 2 Dillon C. C. 46, the same view was taken in a homestead arising under our statute. In further support of this view it may be said that the homestead exemption policy has been characterized by the courts as " beneficent," (4 Cal. 23, 26,) " liberal, wise and benevolent," (1 Iowa 441, 512), " humane in its character," (28 Vt. 674). " The leading object of the homestead exemption, is of course to protect the home—a home not for the husband alone, but for him and his wife and children," (6 Iowa 30). " The beneficent provisions of the law are especially designed to guard the wife and children against the neglect, the misfortunes and improvidence of the father and husband," (15 Texas 176); (30 Vt. 759).

Perceiving no error, the judgment is affirmed, the other judges concurring, except Judge HENRY, who does not sit in the case.

AFFIRMED.