CREATH, *Appellant*, v. DALE.

1. **Homestead**: SHERIFF'S RETURN; MOTION TO QUASH. A motion to quash the return of the sheriff setting off a homestead, is the proper proceeding when the exemption cannot legally be claimed against the judgment on which the execution issued.

2. **Judgment on Note for Purchase Price**; EXCHANGE. D. purchased of C. a farm in part payment of which he gave his note. D. afterwards exchanged this farm for another, which he claimed as his homestead; *Held,* that it was not exempt from execution upon a judgment obtained on the note.

*Appeal from Butler Circuit Court.*—HON. R. P. OWEN, Judge.

Plaintiff sold to defendant a farm and took a note in part payment. The latter afterwards exchanged the farm for another, and moved on to it with his family. Plaintiff obtained a judgment on the note and issued an execution thereon. The sheriff made a return setting off the farm as a homestead, whereupon plaintiff filed a motion to quash the return. Motion overruled. Plaintiff appeals.

*Ewing & Pope* and *C. D. Yancey* for appellant.

*J. P. Dillingham* and *B. G. Barron* for respondent.

SHERWOOD, C. J.—The motion to quash that portion of the sheriff's return relating to the setting off of the homestead, should have prevailed. The debt which was the basis of the judgment on which the execution in question issued, was contracted prior to the acquisition of the farm whereon the execution was levied. Defendant, therefore, was not entitled to homestead in the land levied on. *Farra v. Quigly*, 57 Mo. 284; and the motion to quash was an appropriate way of reaching the unwarranted exemption.

And there is an additional reason why the land claimed as a homestead was not exempt from execution—the note on which plaintiff obtained judgment, was given by defendant in part payment for a farm bought of plaintiff, by defendant, and exchanged by him for the farm on which he now claims a homestead; and as he could not have asserted against the debt of plaintiff a homestead right in the first farm, no more could he assert such right in the second farm. 1 Wag. Stat., § 8, p. 699.

Judgment reversed and cause remanded. All concur.

REVERSED.