# CASES DETERMINED

IN THE

# ST. LOUIS COURT OF APPEALS,

## OCTOBER TERM, 1884.

---

CHARLES DAUDT, Appellant, *v.* JAMES HARMON ET AL.,
Respondents.

### October 28, 1884.

1. HOMESTEAD — ADMINISTRATOR'S SALE. — Homestead rights can be divested by an administrator's sale under order of the probate court only where the sale is made to pay debts contracted prior to the recording of the deed of the homestead realty.

2. —— EJECTMENT — BURDEN OF PROOF. — In an action of ejectment by the purchaser under such a sale, the burden is on him to show that the debt for the payment of which the sale was made was antecedent to the homestead.

3. —— EVIDENCE. — The record of the probate court is the only proper evidence of the fact, and unless it shows that the order of sale was made for an antecedent debt homestead rights of minors are not affected by the sale.

APPEAL from the St. Charles Circuit Court, EDWARDS, J.
*Affirmed.*

C. DAUDT, *pro se:* A claim of homestead exemption will not avail against the debts created prior to the acquisition of the land sued for. — *Farra* v. *Quigly,* 57 Mo. 289; *Stivers* v. *Horne,* 62 Mo. 473; *Schindler* v. *Givens,* 63 Mo. 395; *Lincoln* v. *Howe,* 64 Mo. 138; *The State ex rel.* v. *Diveling,* 66 Mo. 375; *Stanley* v. *Baker,* 75 Mo. 60. To make a sale of the homestead by an administrator valid, it must appear that the debt for the payment of which it

was sold was contracted before the homstead right attached or was acquired. — *Rogers* v. *Marsh*, 73 Mo. 64 ; *Kelsay* v. *Frazier*, 78 Mo. 111.

LACKLAND & WILSON, for the respondents : The sale by the administrator under the order of the probate court did not carry the homestead interest. The probate court has no power or authority in law to order a sale of the homestead for the payment of a pre-existing debt. It is an inferior court of statutory creation and limited, in its jurisdiction and authority, to the exercise of those powers only which are expressly conferred upon it by statute. — *Presbyterian Church* v. *McElhiney*, 61 Mo. 543 ; *Jefferson County* v. *Cowan*, 54 Mo. 234, 237 ; *Schell* v. *Leland* 45 Mo. 294. Before the homestead rights can be denied, it must be shown that the sale was made for the payment of a pre-existing debt. — *Rogers* v. *Marsh*, 73 Mo. 64, 69, 70 ; *Howe* v. *McGivern*, 25 Wis. 531, 532 ; *Kelsay* v. *Frazier*, 78 Mo. 113, 114. And the burden is upon the plaintiff to prove that it was sold for the payment of such a debt. — *Rogers* v. *Marsh*, 73 Mo. 69, 70 ; *Kelsay* v. *Frazier*, 78 Mo. 113, 114. It is not sufficient to show that one claim allowed against the estate was in fact a pre-existing debt. The records of the probate court must show that fact, and also that the homestead was ordered sold, and was sold for the payment of the pre-existing debt. — *Howe* v. *McGivern*, 25 Wis. 525, 531, 532 ; *Schell* v. *Leland*, 45 Mo. 290, 294.

BAKEWELL, J., delivered the opinion of the court.

This was ejectment for thirty-three acres of land in St Charles County. The answer is a general denial, and set up that the original defendant was a tenant of Charles E. Keene, deceased ; that defendants, George and Samuel Keene, are minors aged fourteen and sixteen years respectively, the only sons and heirs of said Charles E Keene ; that they defend by their general guardian, Eli Keene ;

that the premises were the homestead of their father at the time of his death, and worth less than $1,500; that Charles E. Keene is dead; and that the homestead at his death, vested in the minor defendants.

It appears from the evidence and admissions, that the facts set up in the answer are true; that Charles E. Keene died in 1881; that the public administrator of St. Charles County took charge of his estate. The assets of the estate, exclusive of the realty in question, were $543.50, and the claims allowed against it amounted to $2,883.45; of these two were judgments in favor of Overall's estate, rendered against deceased in his lifetime, one for $325.35, and the other for $922.20, which were placed in the fourth class. There were five other allowed demands amounting to $1,635.90. The administrator obtained an order of sale of the realty to satisfy allowed demands. Under the order of sale, the premises in question were appraised at $30 an acre, or $990, free from the homestead rights of the minor heirs, and at $15 an acre, or $495, subject to the homestead right. The plaintiff Daudt was one of the appraisers. Under these proceedings the land in question was sold, and purchased by Mr. Daudt at public sale for $400. The administrator executed a deed to Daudt, under which he claims. The report of sale having been approved, Charles E. Keene moved on to the premises in 1870 or 1871, and occupied them as homestead at the time of his death in 1881. His wife died on the premises a year or two before her husband's death. There are on the premises a dwelling house and orchard, erected and planted by Charles E. Keene about 1871. The premises are not worth over $1,500, and are thirty-three acres in extent.

Against defendant's objection, plaintiff introduced a deed from Cabell and wife to Charles E. Keene for the premises in question, dated and recorded in November, 18 67, and evidence tending to show that Cabell claimed the land at the date of the deed, and was in possession when he sold

to Keene. Plaintiff, also against objections, offered evidence tending to show that the allowance of the demand in favor of Overall's estate against Keene's estate was made on December 22, 1881, for $325.35 and placed in the fourth class, and that it was upon a judgment of the circuit court rendered September 13, 1875, against John N. and C. E. Keene for $216.93, rendered upon a note dated October 23, 1866, for $130, made by John N. Keene in favor of Charles E. Keene, at six months, and indorsed by the latter.

Plaintiff offered to prove by the administrator that Keene's estate is insolvent; that the purchase-money, $400, paid by Daudt, are the only assets out of which funeral expenses and expenses of administration must be paid, and that there are only two fourth class demands, as already set forth.

Defendants offered to prove by the administrator of Keene's estate, and by defendant Eli, that they were present at the sale and that it was then and there distinctly understood by the bidders and all concerned, that the property was sold subject to the homestead rights of the minor defendants; that, if this had not been understood, the property would have brought a much better price, and that defendants had no notice that it was the intention to sell the homestead for an antecedent debt. This was excluded by the court.

It was admitted that the judgment on the note in evidence was the only claim allowed against the estate that was contracted before the recording of the deed to Keene for the premises in controversy. The court gave and refused instructions which it is not necessary to set out; and of its own motion, gave a declaration of law to the effect that the verdict and judgment must be for the defendants, unless it appears from the record of the probate court that the land in question was sold to pay a debt that accrued before the homestead was acquired; and that the order,

sale, and deed could only convey the right, title and interest of Keene, deceased, subject to the homestead rights of his minor children, unless the record of the probate court showed that the sale was for a privileged debt.

The cause was tried without a jury, and the finding and judgment were for defendants.

The statute provides (Rev. Stats., sect. 2693) that " if any housekeeper or head of a family shall die, leaving a widow or any minor children, his homestead, to the value aforesaid, shall pass to and vest in such widow and children, and shall continue for their benefit without being subject to the payment of the debts of the deceased, unless legally charged thereon in his lifetime, until the youngest child shall attain its legal majority, and until the death of such widow, and such homestead shall, upon the death of such housekeeper or head of a family, be limited to that period. But all the right, title, and interest of the deceased housekeeper or head of a family in the premises, except the estate of the homestead thus continued, shall be subject to the laws relating to devise, descent, dower, partition, and sale for the payment of debts against the estate of deceased; and the probate court having jurisdiction of the estate of the deceased housekeeper or head of a family, shall, when necessary, appoint three commissioners to set out such homestead to the person or persons entitled thereto."

And (sect. 2695): " Such homestead shall be subject to attachment and levies of execution upon all causes of action existing at the time of the acquiring such homestead, except as herein otherwise provided; and for such purpose, such time shall be the date of the filing in the proper office of the recorder of deeds the deed of such homestead, and in case of existing estates, such homestead shall not be liable to attachment or levy of execution upon any liability hereafter created."

These are the only statutory provisions authorizing the

sale of the homestead for the debts of the head of the family.

It is accordingly held that a claim of homestead exemption will not avail against debts created prior to the acquisition of the land sued for. *Farra* v. *Quigly*, 57 Mo. 284; 62 Mo. 473; 63 Mo. 394; 64 Mo. 138; 66 Mo. 376. It is, however, held that the homestead rights may be divested by administrator's sale, but only in the case where the sale is made to pay debts existing before the filing of the deed under which homestead is claimed; and that the burden of showing that the sale was to pay antecedent debts rests upon the party claiming under the administrator's deed; and unless this is shown, the homestead rights are not affected by the administrator's sale. *Rogers* v. *Marsh*, 73 Mo. 64, 69; *Kelsay* v. *Frazier*, 78 Mo. 111. How this is to be shown has not been expressly decided. The question not having been presented, is, so far as we know, entirely new in this state.

It seems clear, however, that, in order to sustain an administrator's sale, by order of court, of homestead property, it can not be enough to show after the sale, and in the action of ejectment founded on the administrator's deed, that one of the debts in the list filed on application for the order of sale was in fact contracted before the homestead was acquired. Any such rule would open the door to the grossest abuse. The present case is an instance of this. The purchaser bought the realty at something less than the value of the lands subject to homestead, as fixed by himself as one of the appraisers. It does not appear that any one concerned knew, or suspected, that any of the claims against the estate originated in a demand that accrued before the homestead was acquired. Defendant offered to show that the understanding at the sale was that the land was sold subject to homestead. This must have been the understanding, since the homestead rights could not be sold except for an antecedent debt, and there was nothing in the papers of the estate, or the records of the probate court, to

show that any of the claims were for demands that accrued before the homestead was acquired. The purchaser, perhaps, did not discover the fact that there was an antecedent debt amongst the claims until after the purchase. If, before the purchase, he looked at the proceedings in the original judgment in the circuit court and discovered that it was upon a note that matured before the homestead was acquired, he concealed the fact, if, as defendants offered to show, it was understood at the sale that no homestead rights were to be affected by the sale. The question of what passes by an administrator's deed can not be allowed to depend upon what may be discovered after the sale to have been the original date of the contracting of one of the debts proved against the estate and set forth in the list attached to the application for an order of sale.

The probate court has no authority to order a homestead to be sold except for antecedent debts, and before such property is sold for antecedent debts there ought to be a finding of that court that the debt for which the property is sold was contracted before the homestead was acquired, and this should appear in the order of sale, in order that those interested in the estate, as well as the purchasers, may know what is being offered for sale. This is held by the supreme court of Wisconsin in *Howe* v. *McGivern* (25 Wis. 525); and unless this is held, a door is opened to fraud. The widow and minors ought not to be deprived of their homestead without any opportunity of protecting it, or any notice that it is offered for sale.

We are, therefore, of opinion that the circuit court properly held that, in order to maintain his action in this case, it was necessary for the purchaser to show from the record of the probate court that the order of sale was an order to sell the homestead for a debt that accrued before the homestead was acquired.

The judgment is affirmed. All the judges concur.