# STINSON, Appellant, v. CALL.

### Division Two, June 11, 1901.

163   323
166   173
163   323
102a ¹ 45

1. **Appellate Jurisdiction: EXECUTION: SALE OF LANDS.** Jurisdiction of an appeal from an order of circuit court sustaining a motion to quash and set aside a sheriff's sale of land under execution, is in the Supreme Court.

2. **Homestead: EXEMPTION: RECORD OF PATENT.** The homestead of one who holds land under the Federal homestead law, and occupies it with his family, is not exempt from execution until such patent is recorded.   The word "deed" in the Missouri homestead law includes a patent, and that law provides that a homestead shall be "subject to execution upon all causes of action existing" prior to filing in the recorder's office "the deed of such homestead, when the party holds title by deed."

3. **Execution: EXEMPTIONS: APPRISEMENT.** It is the duty of the sheriff to apprise the execution defendant of his exemptions of the personal property mentioned in the statute, and of his right to have real estate or other personal property exempted in lieu thereof, and a failure to so apprise him is good ground for setting aside the sale of real estate made in pursuance to such execution.

Appeal from Lawrence Circuit Court.—*Hon. J. C. Lamson,* Judge.

AFFIRMED.

*William B. Skinner* for appellant.

(1) If, as appellant maintains in this cause, the defendant was not entitled to hold the land in question exempt from execution and sale, as a homestead, as against appellant's debt, then the failure of the sheriff to notify defendant of his homestead rights and exemptions or appraise the property, did not vitiate such levy. Shindler v. Givens, 63 Mo. 394. (2) The laws of the United States providing for homesteads, have no bearing on the case at bar, the patent or deed for the land in question having been executed and issued long prior to the time plaintiff's debt was contracted. (3) Defendant had not filed for record in the proper office, his deed or patent for the land he now seeks to hold as a homestead, hence, he was not entitled to hold it exempt from levy and sale as a homestead, and the trial court erred in sustaining the motion to quash and also the motion to set aside the sale made by the sheriff under the execution in this cause. R. S. 1889, sec. 5441; Shindler v. Givens, 63 Mo. 394; State ex rel. v. Diveling, 66 Mo. 375; Tennent v. Pruitt, 94 Mo. 145. (4) The trial court held that the deed or patent from the government, under which defendant held title to the land in question, was not a deed in contemplation of section 5441, Revised Statutes 1889. This position is not tenable. As applied to conveyances of land by the State or Federal government, the words "patent" and "deed" are synonymous terms and are used interchangeably in the books. 2 Sharswood's Blackstone's Com., 294; 2 Bouvier's Law Dict. (12 Ed.), 297.

*Jos. M. McPherson* and *R. H. Landrum* for respondent.

(1) Defendant was entitled to hold the land in question exempt from execution and sale, as his homestead. Revised Statutes 1889, section 5435, provides that the homestead of every housekeeper or head of a family, consisting of a dwelling-house and appurtenances, and the land used in connection therewith, not exceeding the value of......$1,500, which is or shall be used by such housekeeper or head of a family as such homestead, shall, together with the rents, issues and products thereof, be exempt from the execution and attachment, except, etc. Defendant was a housekeeper and head of a family and had a dwelling house on the land and had lived upon and used it as his homestead long prior and at the time of the contracting of the debt sued for herein. The land was not worth more than eight hundred dollars, and he was clearly entitled to hold it exempt from plaintiff's execution and should have been permitted by the sheriff to claim it as his homestead. An officer levying an execution must give the execution debtor an opportunity to select property claimed as a homestead. A levy of execution, where the statutory requirements as to a homestead are not complied with, should be quashed. R. S. 1889, secs. 5435 and 5436; Shacklett v. Scott, 23 Mo. App. 322. (2) Defendant in this case was never notified by the sheriff of his exemptions and the statutory requirements were never pretended to be complied with. Defendant knew nothing of the fact that his land had been levied on or that it was advertised for sale until the day before the day on which it was to be sold and then he accidentally found it out from a neighbor. (3) A patent to land is, in many respects, unlike an ordinary deed between persons; in case of a patent, the title to the land conveyed passes, by matter of record, to the grantee; a patent needs no delivery to give it effect; when

it is made out, signed by the president, sealed with the seal of the general land office, countersigned and recorded in the record books of the general land office kept for that purpose, it needs no further authentication or delivery, but is then perfect and complete. Hammond v. Johnston, 93 Mo. 220; United States v. Schurz, 102 U. S. 379. The patent was properly admitted in evidence as showing defendant's title to the land claimed as his homestead. It was admitted to be in due form and recorded in the general land office; the fact that it was not recorded in the recorder's office of Lawrence county, was immaterial. The patent itself was the best evidence, and even the failure to record it in the book kept for that purpose in the land office, would not have affected the grant to defendant. Campbell v. Laclede Gas Company, 84 Mo. 370; McGarrahan v. Mining Co., 96 U. S. 323.

GANTT, J.—The plaintiff recovered judgment against defendant before a justice of the peace. Upon a return of *nulla bona,* a transcript was filed in the office of the circuit clerk and execution thereon issued, and was levied on the land of defendant. After a sale of the land by the sheriff, defendant moved to quash and set aside the sale. This motion was sustained, and plaintiff appeals.

I. Upon the authority of McAnaw v. Matthis, 129 Mo. 142, jurisdiction of this appeal is vested in this court.

II. The circuit court set aside the sale because it held that the lands of defendant sold under the execution were exempt from sale under execution because they constituted his homestead. It appears that some five years or more prior to June 28, 1888, William L. Call, the defendant under the homestead act of Congress of May, 1862, duly entered the east half of lots seven and eight of the northwest quarter of section two, township 29, range 26, in Lawrence county,

Missouri.   He built thereon a dwelling house and has ever since lived thereon as a housekeeper and head of a family.

Having complied with the homestead act of Congress, he received his patent to this land, and the land was certified to the clerk of the county court by the State Register of Lands, under date of August 5, 1889, as subject to taxation, and was entered on the plat-book of Lawrence county, on file in the county clerk's office.

On February 3, 1890, defendant executed his promissory note to Aletha Gum for $80, payable twelve months after date, with ten per cent interest from date.   This note was duly assigned to plaintiff in July, 1896, and, as already stated, plaintiff obtained judgment thereon, and the execution was levied on this land, and the sale advertised for eighteenth day of August, 1897.

On the seventeenth day of August defendant filed his motion to quash the execution and levy because the land was not subject to levy and execution, and because it was his homestead, and because the sheriff did not notify him of his exemptions ·or permit him to claim his homestead.

This motion was not passed upon till August 26, 1897, and in the meantime the land had been sold.

Upon the hearing the court sustained the same, and defendant filed a supplementary motion to set aside the sale, which was also sustained.   To the action of the court in sustaining said motions plaintiff duly excepted, and afterwards moved the court to set aside its said orders, which the court overruled, and plaintiff excepted and appeals.

The important and interesting question arises, was defendant's homestead exempt from sale under execution, his patent therefor not having been filed in the office of the recorder of deeds prior to the accruing of plaintiff's debt ?

The proofs amply sustain the contention of defendant

that he was the head of a family and occupied the land as a homestead, and that it was worth less than $1,500, and if the date of his patent from the United States, to-wit, April 22, 1889, shall govern, he had acquired it prior to incurring the debt for which plaintiff's judgment was rendered, but plaintiff relies upon section 5441, Revised Statutes 1889, of this State, which provides that: "such homestead shall be subject to attachment and levy of execution upon all causes of action existing at the time of the acquiring such homestead, except as herein otherwise provided; and for this purpose such time shall be the date of the filing in the proper office for the records of deeds, the deed of such homestead, when the party holds title by deed, but when he holds title by descent or devise, from the time he becomes invested with the title thereto; and in case of existing estates, such homestead shall not be subject to attachment or levy of execution upon any liability hereafter created." If the word "deed" in the foregoing statute is *nomen generalissimum* and includes a patent from the United States it is obvious that plaintiff is right in his contention because defendant had no estate existing in this land when the homestead statute was enacted, and his patent thereto was not filed when he executed the note sued on, and for that matter it had not been filed when the cause was tried in the circuit court, for, as was said in Tennent v. Pruitt, 94 Mo. 149, "if anything relating to the homestead law is settled, it is, that, before the owner of the land can claim it as being exempt from sale for the payment of his debts, it must appear that he occupied it and used it as such, and that the acquisition of the homestead rights, as against creditors, dates from the time of his filing his deed for record." [Farrar v. Quigly, 57 Mo. 284; Shindler v. Givens, 63 Mo. 394; State ex rel. Meinzer v. Diveling, 66 Mo. 380.]

Counsel for defendant points out the differences between

a patent and a deed and insists that a patent is not included in the term deed used in this statute, and therefore it was not necessary to record it. He argues that our statutes require that a deed *must* be recorded, and that a patent may be recorded, but it is settled law that the record of neither is essential to its validity to pass title.

The recording acts dispense with other proof of execution in some instances, and are chiefly designed to carry notice to subsequent purchasers and lienors.

After all, the question for our determination is whether the Legislature intended to require all grants and conveyances including patents by which a homestead was acquired, should be recorded, and that the date of their filing should be the commencement of the homestead exemption, as to all homesteads acquired after the passage of the homestead law.

It will be observed that the act provides for acquisition by descent or inheritance, by devise, and by deed. At the time of the passage of the act provision had been made for recording patents. The act in force when defendant obtained his patent was the same that had been enacted in 1855. [R. S. 1855, p. 1316, sec. 22; R. S. 1879, p. 651, sec. 3826; R. S. 1889, sec. 7443.]

Now, looking for the true intent of the law, which, after all, is the object of all rules of construction and interpretation, it is clear we think, that it was the purpose of the Legislature to secure, to heads of families, homesteads in lands which they might acquire subsequent to the passage of the law, which should be exempt from the payment of debts contracted after the filing their deeds therefor in recorder's offices in the counties in which the lands should be.

As already said, the laws of the State provided for recording both deeds and patents. And was it not also the intention of the Legislature to advise those who might extend

credit to such housekeepers of the existence or non-existence of such homestead? Certainly a homestead acquired by patent was as much within the reason of the provision as a deed in its restricted sense, and in its broader significance, would fall within the letter, as well as the spirit, of the act. It was not the intention of the Legislature to deny a householder the benefit of a homestead acquired by a patent (if he recorded his patent) as to debts subsequently contracted. Nor do we think the Legislature intended to omit so large a class of householders from the scope of the act.

On the contrary, having named those who should acquire homesteads by deeds, inheritance and devise, it was thought these methods were sufficiently comprehensive to include all by grant or conveyance which the laws of the State provided for recording. [In Bouvier's Law Dictionary, Rawle's revision, it is said in the United States, the word 'patent' is sometimes understood to mean the title deed by which a government, State or Federal, conveys its land." [Vol. 2, p. 612, title "Patent."]

In our opinion the word "deed" in the statute includes a patent to lands, whether issued by the United States or the State, and the circuit court erred in holding to the contrary.

But while we hold the defendant was not entitled to a homestead as against plaintiff's debt, it does not necessarily follow that the judgment should be reversed. In his motion to quash the levy and set aside the sale, the defendant assigned another reason, to-wit, that the sheriff had not notified him of his exemptions, and the proofs showed that he accidentally learned of the advertisement of his land only the day before the sale, and the sheriff sold the lands before the defendant's motion was passed upon by the court.

By section 4906, Revised Statutes 1889, it was provided that "each head of a family, at his election, in lieu of the

property mentioned in the first and second subdivisions of section 4903, may select and hold, exempt from execution, any other property, real, personal or mixed, or debts or wages, not exceeding in value the amount of three hundred dollars.

Section 4907 provides further: "It shall be the duty of the officer in whose hands any execution may come, before he shall levy the same, to apprise the person against whom such execution has issued of the property exempt under sections 4902, 4903, and 4906, and his right to hold the same as exempt from attachment and execution; and such officer shall summons from the neighborhood three disinterested householders, who after being sworn honestly and impartially to appraise the property exhibited to them, shall proceed to appraise and set apart to said defendant the property exempt to him under this chapter."

The officer had entirely failed to comply with these provisions, and while defendant was not entitled to a homestead as against plaintiff, he was entitled to elect to have a part of said homestead to the amount of three hundred dollars, set off to him and exempted from said sale, and until he was apprised of his right, and opportunity to elect was given him, the sheriff was proceeding irregularly and in defiance of the statute. The motion was made as soon as defendant learned of the levy and consequently was timely. It results, that the court on this ground properly sustained the motion to quash the levy, and set aside the sale, and its judgment is for that reason alone, affirmed, without prejudicing plaintiff's right to have a proper levy made after the sheriff shall have allowed defendant his proper exemptions in the manner provided by law as above indicated.

Nothing herein said conflicts with the decision in Shindler v. Givens, 63 Mo. 394, in which no other exemptions were claimed and no point made save as to the appraisement of the

homestead itself, which under the peculiar facts of that case would have been a barren ceremony. Nothing said in that case is a justification of an utter disregard of his statutory duties by a sheriff.

The judgment is affirmed for the reason above assigned. *Sherwood, P. J.,* and *Burgess, J.,* concur.