## MOORE v. STEMMONS et al., Appellants.

**Division Two, December 12, 1905.**

**APPELLATE JURISDICTION: Title to Real Estate: Execution.** The Supreme Court does not have jurisdiction over an appeal from a judgment or order overruling a motion to quash a levy of an execution upon real estate. Such a judgment or order does not so involve title as to give the Supreme Court jurisdiction of the appeal therefrom. It is the judgment itself, and not the enforcement of the judgment by a sale under execution to satisfy a claim against one who concededly has the title, that confers jurisdiction on the appellate court. [Following Lawson v. Hammond, 191 Mo. 522.]

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Shannon & Shannon* for appellants.

*C. W. Bigger* for respondent.

GANTT, J.—This is an appeal from the judgment of the circuit court of Jasper county, overruling a motion of the defendants to quash an execution levied by the sheriff of said county, on certain real

estate held by the defendants as trustees of the Methodist Episcopal Church (colored) of Carthage, Missouri, under a judgment of said circuit court against the defendants as trustees of said church, for $166.52 for debt, damages and costs. The grounds of the motion are: 1st, that the judgment upon which the execution was issued was void; 2nd, that the interest of the defendants in the real estate levied on in their representative capacity as trustees of the church is not subject to levy and sale for plaintiff's debt; 3rd, because the title of defendants in and to said real estate as trustees of the Methodist Episcopal Church (colored), of Carthage, Missouri, is held for the use and benefit of the Methodist Episcopal Church of the United States of America as a place of worship and not for the use and benefit of the Methodist Episcopal Church (colored), of Carthage, Missouri.

I. Has this court jurisdiction of this appeal under the Constitution of Missouri. It is obvious that the amount involved does not give us jurisdiction. It can only be surmised that the appeal was certified to this court on the ground that the title to real estate was involved. At the time this appeal was certified to this court, there were two decisions of this court, McAnaw v. Matthis, 129 Mo. 142, and Stinson v. Call, 163 Mo. 323, which justified such action, but in the recent decision of Lawson v. Hammond, 191 Mo. 522, handed down by Division No. One of this court, both of said decisions in McAnaw v. Matthis, and Stinson v. Call, supra, were reviewed and overruled.

The McAnaw-Matthis decision was promulgated in 1895 by Division No. 1. The appeal was from a judgment of the circuit court quashing an execution, levied on real estate of defendant, claimed as a homestead. The St. Louis Court of Appeals certified the cause to this court on the ground that title to real estate was involved, and Division No. 1 of this court announced that "in this opinion we coincide," and

cited as a precedent St. Louis v. Brooks, 107 Mo. 380. Afterwards, when Stinson v. Call, 163 Mo. 323, came before this Division, we accepted the ruling in McAnaw v. Matthis as controlling, and did not otherwise undertake to sustain our jurisdiction. Later, in State ex rel. v. Elliott, 180 Mo. 658, Division No. 1 of this court overruled McAnaw v. Matthis. In Lawson v. Hammond, Division No. 1, having this point again before it for review, submitted to this Division whether it should be transferred to the Court in Banc, but as we were all agreed that the decision was correct, and as Division No. 1 was simply correcting its own ruling which we had followed, it was thought entirely unnecessary. We deem it useless to attempt to add anything to the very satisfactory and conclusive opinion of MARSHALL, J., in the Lawson case, and following the rule therein announced it must be held that we have no jurisdiction of this appeal and that the title to real estate is not involved. "If," as said in Lawson v. Hammond, "title to real estate is involved in this case, then it is involved in every case where an execution is issued upon a general judgment and levied upon real estate, for in every such case, if the real estate is sold to satisfy the execution, the title will thereby be divested out of the defendant and vested in the purchaser, but such is the effect wherever the property of the defendant is sought to be sold to satisfy the claims of his creditors. There is a vast difference between a judgment in a case involving title to real estate and an execution under which real estate may be sold. In other words, it is the judgment which must affect the title and not the enforcement of the judgment by a sale under execution to satisfy a claim against one who concededly has the title, that confers jurisdiction."

It is ordered that this appeal be transferred to the Kansas City Court of Appeals.

All concur.