BANK OF FOREST CITY, a Corporation, v. LESTER PETTIJOHN, Appellant.—92 S. W. (2d) 189.

Division One, March 10, 1936.

*E. E. Richards, Pettijohn & Eiser* and *Robison & Robison* for appellant.

*Petree & Wright* for respondent.

HYDE, C.—This case originated in the Probate Court of Holt County. The administrator of an estate, having been authorized by

order of that court to sell real estate at private sale in order to pay debts, filed his report of sale on February 1, 1933. The probate court made an order approving the sale on February 11, 1933, and the administrator on that day signed, acknowledged, and delivered a deed to the purchaser. On February 18, 1933, respondent, a creditor of the estate, took an appeal to the circuit court from the order of the probate court approving the sale. [As to probate court appeals see Lucitt v. Toohey's Estate, 338 Mo. 343, 89 S. W. (2d) 662.] Thereafter, the matter was heard in the circuit court which entered a decree that the sale be disapproved and ordered the administrator to refund to the purchaser the money paid by him on the purchase price and for taxes. From this decree the purchaser has appealed here.

The case was undoubtedly sent here on the theory that title to real estate is involved. The land was appraised at and sold for $5688, and respondent's debt was $1725.40, so that the amount involved could not give this court jurisdiction. There is no title controversy in this case within the meaning of the constitutional provisions defining the jurisdiction of this court. [Art. 6, Sec. 12 and Sec. 5 of Amendment of 1884, Constitution of Missouri.] In Nettleton Bank v. McGaughey's Estate, 318 Mo. 948, 2 S. W. (2d) 771, this court en banc exhaustively reviewed the cases construing these sections, and held that ''to involve title within the meaning of the Constitution a judgment must adjudicate a title controversy.'' This court then said in order to have such a title controversy ''the judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another.'' This court also pointed out in that case, which grew out of a proceeding in the probate court to sell land, that ''if an effort were made to inject a genuine title controversy into the proceeding, the probate court would have no jurisdiction to try it.'' Since there can be no question about the jurisdiction of the probate court to determine whether or not an administrator's report of sale should be approved, it necessarily follows that it is not a title controversy. It is clear why it is not. There is no dispute about who has title. The purchaser necessarily admits that the deceased owner had title and that his administrator has the right to convey it or he would not be buying it from him and seeking to claim under his deed. There is not even a controversy over who would be entitled to the proceeds of a sale. As said in the Nettleton Bank case, the only questions to be determined by the probate court, in deciding whether or not to approve the sale, ''*go to the right to have the sale made.*'' The question is not: Who has title? The question is: Shall admitted title be conveyed? [See Frey v. Leidigh & Havens Lbr. Co., 338 Mo. 1, 88 S. W. (2d) 863; Hull

v. McCracken, 327 Mo. 957, 39 S. W. (2d) 351; Weil v. Richardson, 328 Mo. 310, 7 S. W. (2d) 348; Flinn v. Richardson (Mo.), 7 S. W. (2d) 356; Moore v. Stemmons, 192 Mo. 46, 90 S. W. 434; Lawson v. Hammond, 191 Mo. 522, 90 S. W. 431; State ex rel. Reed v. Elliott, 180 Mo. 658, 79 S. W. 696; the three latter cases overrule McAnaw v. Matthis, 129 Mo. 142, 31 S. W. 344, and Stinson v. Call, 163 Mo. 323, 63 S. W. 729, which held that an appeal from an order setting aside an execution sale was within the jurisdiction of this court; see also State ex rel. Ross v. Martin, 338 Mo. 1067, 93 S. W. (2d) 911.]

The cause is transferred to the Kansas City Court of Appeals. *Ferguson* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.