STANLEY, *Appellant*, v. BAKER.

**Homestead.**   Defendant, with the purpose of making it his home-
stead, acquired title to a tract of land by deed recorded before
plaintiff's debt was contracted.   After the debt was contracted, de-
fendant sold a homestead which was exempt from execution, and
with the proceeds erected a dwelling house on the land and used it
as a homestead.   *Held,* that as against the plaintiff's debt the new
homestead was not exempt from execution.   Wag. Stat., pp. 698,
699, §§ 7, 8.

*Appeal from Schuyler Circuit Court.*—HON. ANDREW ELLISON,
Judge.

REVERSED.

*Higbee & Shelton* for appellant.

The 160 acres was not Baker's homestead in 1873,
when plaintiff took his note.   It did not become his home-
stead till 1876.   He cannot, therefore, claim it as exempt
from plaintiff's debt.   Wag. Stat., pp. 697, 698, §§ 1, 7;
Freeman Executions, § 241; Herman Executions, 125; 1
Am. L. R., (N. S.) 649, 650, 651, note 1; Thompson Home-
steads, §§ 240, 244, 246.   His intention to make it his home
in the future coupled with improvements will not avail
him.   *Hansford v. Holden,* 14 Bush 210; *s. c.,* 7 Reporter
177.   He is not entitled under either section 7 or 8.   The
homestead is a statutory right, and equitable principles
other than those recognized by the act cannot be invoked.
*Casebolt v. Donaldson,* 67 Mo. 308.   The homestead con-
sists of the dwelling house and land used in connection
therewith.   There must be actual residence under a re-
corded title, before the land is impressed with the character
of homestead.   When the debt due plaintiff was contracted,
Baker's homestead was in Lancaster, and it is clear that
he could not have claimed the land as a homestead then
against plaintiff's demand, nor could he up to the time he
sold his homestead in Lancaster in 1876.   He had no

dwelling house on the 160 acres, and had never resided there. If he is entitled to claim it now, he must make out his claim under the homestead act and show that he had acquired this land as a homestead before the debt was contracted, or that it was obtained by the proceeds of a former homestead.

*James Raley* for respondent.

The filing of the deed is the time from which the homestead right begins. *Shindler v. Givens,* 63 Mo. 394; *West River Bank v. Gale,* 42 Vt. 27; *Lamb v. Mason,* 45 Vt. 500.

HENRY, J.—The question to be determined is, whether John Baker, on the following facts, is entitled to a homestead in a tract of land in Schuyler county, exempt from execution on a judgment in favor of appellant against said Baker and others. The agreed facts are as follows:

From 1866 to 1876 Baker was the owner in fee of several lots in the town of Lancaster, Schuyler county, upon which his dwelling house was situated, in which he resided with his family during that period. His deed to that property was filed for record April 28th, 1866. In 1869 he purchased 210 acres of land, in Schuyler county, near the town of Lancaster, of which the land now claimed as a homestead is a part, and his deed thereto was recorded in 1869. In 1876 he sold his residence property in Lancaster for $1,300, which in the same year he expended in the erection of a dwelling house on the land in controversy, and has resided there since 1876, with his family. The 160 acres claimed as a homestead does not exceed in value $1,500. It was enhanced in value about $500 by the erection of said dwelling house, and the land claimed is all used in connection with said dwelling house as a homestead, and is improved and cultivated. Plaintiff's demand against Baker consists of two promissory notes for $300

each, dated February 6th, 1873, on which judgment was rendered in March, 1877, and execution issued on said judgment July 1st, 1878. Baker testified that he purchased and improved said land with the expectation of making his home there and always expected to move upon it as his home.

Our homestead act is not free from ambiguity, and it is to be regretted that the language employed in sections 7 and 8 is not more exact. Still we are of the opinion that no reasonable construction of those sections gives Baker a homestead in the tract of land in controversy, exempt from execution issued on plaintiff's judgment. The homestead secured to the head of a family, is by section 7, subject to attachment and levy of execution upon all causes of action existing at the time such homestead was acquired, " and such time shall be the date of the filing, in the proper office for the records of deeds, the deed for such homestead." Section 8 provides that another homestead may be acquired, which shall not be liable for any debts to which such prior homestead would not have been liable; provided it shall have been acquired with the consideration derived from the sale or other disposition of such prior homestead. In other words, it authorizes one to sell or dispose of a homestead, exempt from a given debt or debts, and acquire another with the proceeds of the former, which shall also be exempt from such debt or debts.

It cannot be controverted, that the land in question, at any time before Baker erected his dwelling house upon it and moved into it, was subject to attachment and levy of execution for the demand of the appellant. That demand originated in 1873. Baker's house was erected on the land in 1876. In 1873 he had a homestead in Lancaster. He could not have two at the same time. His intention when he purchased the land in controversy, to make it his home, is wholly immaterial. His homestead in the town of Lancaster was not subject to levy of execution on plaintiff's cause of action, but the land in controversy, by

the express terms of section 8, is not exempt, unless it was acquired as a homestead with the consideration derived from the sale or disposition of such prior homestead, and by the agreed facts, Baker owned the land long prior to the sale of his homestead in Lancaster, no portion of the proceeds of which was used in acquiring the land. That the money received on the sale of the Lancaster property was expended in the erection of the dwelling on the land is not sufficient to create an exemption against plaintiff's demand. *Farra v. Quigley*, 57 Mo. 286. The $1,300 so expended enhanced the value of the land only $500. It was a poor investment, and it seems a hardship that Baker should have given up his former homestead, exempt from this debt, without acquiring another equally exempt from it, after expending all that he received on the sale of the prior homestead in improvements upon this land, but such is the provision of the statute, as heretofore construed by this court, and however obscure the language of the statute may be in other respects, it clearly enough provides that a homestead acquired by one who previously had another, in order to be subject only to such debts as could have been enforced against the former, must be acquired with what was derived from the sale or other disposition of the former. The sheriff made a levy of an execution, issued on plaintiff's judgment, on the land in question, which, on motion of Baker, was quashed. In this we think the court erred, and the judgment is reversed and the cause remanded. All concur.