Finnegan v. Prindeville.

---

FINNEGAN *et al.*, *Appellants*, v. PRINDEVILLE.

1. **Homestead, how Acquired**: OCCUPANCY. The acquisition of land for a homestead must be followed by its occupancy by the claimant, and this occupancy, whenever it occurs, relates back to the time when the deed was filed for record.

2. **Homestead**: EXEMPTION: NON-RESIDENT. Land acquired in this state for a homestead by a non-resident is exempt from execution for a debt contracted after the deed therefor was filed for record, provided such acquisition is followed by occupancy before the judgment for the debt becomes a lien upon the land.

3. ———: RESIDENCE. The right to a homestead in this state does not depend upon the residence of the claimant and his creditor, or either of them, at the time the land was acquired.

*Appeal from Lewis Circuit Court.* — HON. BEN. E. TURNER, Judge.

AFFIRMED.

*Geo. Ellison* and *James P. Lewis* for appellants.

It is a general rule that domicile in any state is necessary and required to entitle a person to homestead rights therein. *Alston v. Ulman,* 39 Tex. 157; *Jordan v. Godman,* 19 Tex. 257; Thompson on Homestead, 391. The mere fact that Prindeville purchased the land and recorded his deed in the year 1866, does not of itself give him a right of homestead in said land. He must have occupied it prior to the contraction of the debt. Thompson on Homestead, §§ 244, 245, 246; *Stanley v. Baker,* 75 Mo. 60; *Christy v. Dyer,* 14 Iowa 441.

*Blair & Marchand* for respondent.

The debt was contracted in Ohio after the filing of the deed for record in this state. This entitled defendant to a homestead under our law. R. S., 1879, § 2695. Our homestead statute was copied from that of Vermont, and it has been so held in the latter state. *Bank v. Gale,* 42 Vt. 27; *Lamb v. Mason,* 45 Vt. 500. This court has held that it will follow the Vermont law as construed by the Supreme Court of that state. *Skouten v Wood,* 57 Mo. 380; *Shindler v. Givens,* 63 Mo. 394; *Meinzer v. Diveling,* 66 Mo. 375; *Beckman v. Meyer,* 75 Mo. 333; *Stanley v. Baker,* 75 Mo. 60; Thompson on Homesteads, p. 254, § 300,

HENRY, C. J.—Appellants had a judgment against respondent on which an execution was issued and placed in the hands of the sheriff of Lewis county, who made a return to the execution showing that he had set apart a certain tract of land to defendant, as a homestead. Plaintiffs moved to quash that portion of the sheriff's return. The court overruled the motion, and the cause is here on appeal.

The following is the admitted evidence in the cause: "It is admitted by the parties to this suit that the deeds

to the defendant for the land set apart as a homestead by the sheriff was filed in the recorder's office of Lewis county, Missouri, in the year A. D. 1866. That the defendant, at the time of filing said deeds aforesaid, was a resident of the state of Ohio, and continued so to be until the year A. D. 1871. That the debt upon which the judgment in this cause was rendered, and upon which said execution was issued, is stated and alleged in the petition upon which said judgment was rendered, to have been contracted and created in June, A. D. 1869, and whilst the defendant, Prindeville, was still a citizen of, and with his family residing in, the state of Ohio. That the defendant with his family moved from the state of Ohio to the state of Missouri, in the spring of the year A. D. 1871, and in that spring settled on the lands in controversy with his family, and he and his family have resided thereon ever since."

Maurice Prindeville, the respondent, herein testified as follows: "That at the time of the purchase of the lands in controversy he was a citizen of, and resided in the state of Ohio; and at the time of said purchase he intended to move upon said land and live thereon. But he did not do so until March 1st, A. D. 1871, when he and his family moved on said land. That while he was a citizen of the state of Ohio, he owned no real estate in said state; that he lived upon a rented farm." On these facts is respondent entitled to the premises exempt from execution as a homestead?

It will be observed that both plaintiffs and defendant resided in the state of Ohio, when the debt was incurred. The debt was contracted in June, 1869. The defendant's deed was recorded in Lewis county, Missouri, in 1866. The defendant with his family moved onto the land in 1871, and they have ever since resided there. Defendant owned no real estate in the state of Ohio. Plaintiffs obtained their judgment on which this execution issued in the circuit court of Lewis county, on the 15th of March, 1882. Our statute, Rev. Stat., sec. 2695, provides

that: "Such homestead shall be subject to attachment and levy of execution upon all causes of action existing at the time of the acquiring such homestead, except as herein otherwise provided ; and, for this purpose, such time shall be the date of the filing, in the proper office for the records of deeds, the deed of such homestead, and in case of existing estates, such homestead shall not be subject to attachment or levy of execution upon any liability hereafter created." The succeeding section provides that: "Whenever such housekeeper or head of a family shall acquire another homestead in the manner provided in section two thousand six hundred and ninety-five, the prior homestead shall thereupon be liable for his debts, but such other homestead shall not be liable for causes of action against him to which such prior homestead would not have been liable ; provided that such other homestead shall have been acquired with the consideration derived from the sale or disposition of such prior homestead, or with other means not derived from the property of such housekeeper or head of a family."

The case of *Stanley v. Baker*, 75 Mo. 60, was one in which Baker had a homestead in the town of Lancaster, and, while occupying it as a homestead, purchased a tract of land in Schuyler county, near Lancaster, and his deed to that land was recorded in 1869. In 1873 he contracted a debt on which a judgment was obtained against him in 1877. In 1876 he sold his residence property in Lancaster for $1,300, which he expended in improvements upon the land ; but no part of the money received on the sale of his town property was used in the purchase of the land, and this court held that the latter was not exempt as a homestead from execution on that judgment. This opinion was based upon section 2696, which clearly enough subjects a second homestead acquired otherwise than as therein specified to debts contracted subsequent to its acquisition. It will not allow one who owns a homestead to sell it, and with other of his own means,

than those derived from the sale of the prior homestead, acquire another, and hold that exempt from liability for causes of action which accrued after he acquired the land, and before he went upon and occupied it as a homestead. In Baker's case, his prior homestead, had he remained there could not have been taken for Stanley's debt, but the land could, and his contention was that he could sell his prior homestead, and acquire another, not purchased with the proceeds of the former, and hold it, also, as a homestead against Stanley.

The case at bar presents entirely dissimilar facts. Prindeville had no homestead in this state, prior to his occupancy of the land in controversy, and the language of the homestead law is broad enough to give him a homestead in the land, exempt from plaintiff's demand, unless the fact that both parties were residents of the state of Ohio when the debt was contracted and the land was acquired works a different result. No case is cited from the Vermont reports, from which state we borrowed our statute, involving the precise question for determination in this. Nor do the cases and authorities cited by appellants' counsel to the effect that domicile in the state, is necessary to entitle one to a homestead, help us to solve the question here. That domicile in this state is necessary, is conceded, and that defendant has been domiciled in this state and on this identical land ever since he removed to the state is not controverted. Can the fact, that when he acquired the land and had his deed recorded, and when the debt was contracted, he and plaintiffs were citizens of another state, deprive him of the homestead right?

The policy of the law is to secure housekeepers and heads of families homes which cannot be taken from them for debts contracted after the acquisition of the homestead. The acquisition of the land must be followed by its occupancy as a homestead by the claimant, and this occupancy, whenever it occurs relates back to the time when the deed was filed for record. *West River Bank*

*v. Gale,* 42 Vt. 29; *Lamb v. Mason,* 45 Vt. 500; *The State ex rel. Meinzer v. Diveling,* 66 Mo. 378. In *Beckmann v. Meyer,* 75 Mo. 337, this court adopted the opinion delivered in the cause by the court of appeals, in which it was said: "In Missouri, however, the recording of the deed whereby the land is acquired, together with the visible occupancy and use of the premises, as a homestead, * * * are all that the law requires."

It was suggested in the argument, that, if one could secure a homestead by purchasing land with the intent to make it his home, he might have a homestead in every county in the state, or in every state in the Union, having a homestead law similar to ours; but this suggestion overlooks the question of occupancy. The head of a family may have a tract of land in every county in the state, and intended each for his homestead when he purchased it, but he can only have a homestead in that which he occupies as such. The right to a homestead in this state does not depend upon the residence of the claimant and his creditor, or either of them, when the land was acquired. A citizen of another state, when he becomes a citizen of this state, is as much entitled to a homestead as if he had been born in the state, and had never resided elsewhere. The law, by its terms, pays no regard to the residence of the claimant when he acquired his land. It simply regards the status of the party when the homestead right is claimed, and, if it is his original homestead in this state, the date of the filing of his deed, and his occupancy of the land before a judgment rendered against him becomes a lien upon it, establish his right if the debt was contracted after the deed was filed for record.

The judgment of the circuit court is affirmed. All concur except Sherwood, J., who dissents.