Tennent v. Pruitt.

TENNENT *et al.*, *Appellants*, v. PRUITT *et al.*

1. **Homesteads and Exemptions**: DATE OF ACQUISITION: OCCU-
PATION. The acquisition of homestead rights, as against creditors,
dates from the time of the filing of the claimant's deed for record,
and before the owner of the land can claim it as being exempt
from sale for the payment of his debts, on the ground of its being
his homestead, it must appear that he occupies it and uses it as
such.

2. ————: ————: ————. Although he may live upon the land as
his homestead, it is not exempt from seizure and sale for debts
contracted prior to the time of filing his deed for record.

*Appeal from Taney Circuit Court.*—HON. W. F.
GEIGER, Judge.

REVERSED AND REMANDED.

*James R. Vaughan* for appellants.

(1) In order to authorize a recovery in ejectment
against an execution debtor, it is only necessary to show
that at the time of the levy and sale the defendant, or
execution debtor, was in possession of the land in suit
and was in such possession at the bringing of the suit.
(2) In order to protect a homestead from a debt there
must not only be a deed to the claimant, but the deed
must be duly filed on record, and must have been so
filed before the debt accrued. *Shindler v. Givens*, 63
Mo. 394; *Griswold v. Johnson*, 22 Mo. App. 466.
(3) A homestead in Missouri consists of a "dwelling-
house and appurtenances and the land used in connection
therewith," and before the "land used in connection
therewith" can be exempt from execution on a debt,
not only must there be a deed on record to it, but there
must be a deed on record to the dwelling-house and
appurtenances in the name of the claimant, that protects

the "land used in connection therewith" from sale under execution. It devolves on the claimant to show that these deeds are on file. In this case no deed to the residence was shown to have been filed, and moreover, the defendant, Pruitt, swears it was the separate estate of his wife. A separate estate in a wife to a dwelling-house will not support a homestead claim against creditors of the husband as to lands "used in connection therewith." If any title except that of the husband, properly recorded, will support such claim it must be a general estate in the wife. R. S., sec. 2689 amended; Sess. Acts, 1881, p. 140; *Stamm v. Stamm*, 11 Mo. App. 598. (4) The homestead right is strictly legal, and equitable principles, other than those expressly recognized in the act, cannot be invoked by one claiming a homestead right. Although the defendant, Pruitt, may have attempted to obtain a deed, in fact he did not, and at best he only had an equitable claim or contract for a deed, which is not sufficient to support the homestead claim. *Casebolt v. Donelson*, 67 Mo. 308. (5) The defendant, Pruitt, admitted upon the trial that, at the time of the judgment, levy, and sale, he had a tenant on the land in suit, from whom he was getting rent, and he also swears that his possession was by a tenant. A possession by a tenant is not sufficient to maintain and support a claim of homestead, but an actual possession in person is requisite. The evidence of the defendant shows an abandonment of any homestead claim he may have had to the land in suit, and in this connection the court will take notice that there is no evidence that the defendant at any time intended to return to the land. Thompson on Homesteads, secs. 241, *et seq.*, 273 to 275, 255 and 257

*J. J. Brown* with *D. N. Payne* for respondents.

(1) If respondent left his homestead, with the intention, at the time, of returning, and left a part of his

machinery, live stock, and other things on the homestead and went to look at the country, such absence was temporary, and was not an abandonment of it, and he did not lose his right to claim it as such homestead. Thompson on Homesteads, secs. 266, 267; 75 Mo. 269. The respondent, as was clearly shown by the evidence, at the time he left the land in controversy to go to his wife's land on the hill, did so with the intention of returning to the same, hence said land was exempt from levy and execution as a homestead. (2) The policy of the law is to secure housekeepers and heads of families homes which cannot be taken from them for debts contracted after the acquisition of the homestead. Acquisition of the land must be followed by its occupancy as a homestead by the claimant, and this occupancy when it occurs relates back to the time when the deed was filed for record. 83 Mo. 517, and cases there cited. In Missouri, however, the recording of the deed whereby the land is acquired, together with the visible occupancy and use of the premises as a homestead, are all that the law requires, and if respondent occupied and used the land in controversy as a homestead, under a deed executed by Haworth prior to the creation of the debt under which it was sold, it was, to all intents and purposes, a homestead, notwithstanding there was an erroneous description of the land. (3) If the respondent purchased the land in controversy and went into possession, prior to the creation of the debt under which it was sold, and had not disposed of the same, but was occupying it as a homestead, then he was the owner of the land at the time of the rendition of the judgment under which it was sold, and had the right to hold it as such homestead, exempt from attachment and levy of execution on the cause of action in favor of the appellant, although it is true that, by mistake in the conveyance, the land intended to be conveyed was not correctly described. Such mistake and subsequent correc-

tion will not affect the rights of the respondent. (4) The deed executed by Haworth to respondent, which purports to be executed to correct error in former deed, operates by relation from the date of said former deed containing the erroneous description. 3 Washb. Real Prop., p. 276, sec. 46. (5) The respondent, at the time the cause of action accrued, had an equitable title to the land claimed as a homestead, beyond controversy, which subsequently was perfected into a legal title, and he had the actual possession all the time from the first purchase, by his tenants and also by occupancy, and his right to claim it as a homestead dates from the filing of the original deed for record. 54 Mo. 267.

NORTON, C. J.—This suit is by ejectment to recover the possession of certain land in Taney county. The land is described as the *west* half of the northeast fractional quarter, of section 12, township 22, range 20, being on the right bank of White river, descending. In support of their title, plaintiffs put in evidence a sheriff's deed, dated April, 1883, conveying to plaintiffs all the right, title, and interest of defendant, Pruitt, in and to the land in controversy. It appears from this deed that, on the seventh of October, 1881, plaintiffs obtained judgment in the Taney county circuit court against defendant, Pruitt, upon which an execution issued on the tenth of March, 1883, under which the sale was made, and at which plaintiffs became the purchasers.

Defendant, after admitting that, at the time of the judgment, levy, and sale, he was in possession of the land by a tenant, and cultivating a portion of it himself, undertook to defeat plaintiffs' right to recover under said sheriff's deed by setting up that the land was his homestead and not subject to sale for the payment of plaintiffs' judgment against him. For the purpose of establishing this defence defendant, Pruitt, put in evidence a deed from Haworth and wife, dated August 24,

1875, and recorded September 13, 1875, conveying to him the *east* half of the northeast quarter, of section 12, township 22, range 20.   Also a deed from Haworth and wife, dated October 1, 1884, and filed for record October 7, 1884, conveying to him the west fractional half of the northeast quarter, of section 12, township 22, range 20, this being the land in controversy.   It also appeared that at the time of the sheriff's sale, defendant was living, and for some years previous, had lived, upon one hundred and sixty acres of land about one mile from the land in controversy (the title to which was in his wife as her separate property), but that, at the time of the sale and trial, he was in possession of the land in suit by tenant and cultivation.

The circuit court tried the case, as shown by the instructions, on the theory that, under the above facts, plaintiffs could not recover, and rendered judgment for defendants, from which the plaintiffs have appealed, and among others assign for error the action of the court in receiving in evidence, over their objections, the two deeds offered by defendants.   The objections to the admissibility of these deeds were well taken, and the court erred in overruling them.   If any question relating to the homestead law is settled, it is, that, before the owner of land can claim it as being exempt from sale for the payment of his debts, on the ground of its being his homestead, it must appear that he occupied it and used it as such, and that the acquisition of the homestead rights, as against creditors, dates from the time of his filing his deed for record.   Although he may live upon the land as his home, until he files his deed for record, it is not exempt from seizure and sale for debts contracted prior to the time such deed is filed for record. *Farra v. Quigley,* 57 Mo. 284; *Shindler v. Givens,* 63 Mo. 395.

Under the rulings in these cases, the objection made by plaintiffs to the first deed offered by defendants

ought to have been sustained, for the reason that it neither conveyed, nor purported to convey, the land in dispute ; and the objection to the second deed ought to have been sustained on the ground that it was neither obtained nor filed for record till after plaintiffs had obtained their judgment against defendant, and became the purchasers of the land under a sale made in virtue of an execution which issued upon the judgment, and brought this suit to recover possession.

The judgment, for the error noted, is hereby reversed and the cause remanded, to be proceeded with in conformity with this opinion, in which all concur, except Ray, J., absent.