GEORGE ZOLLINGER, Appellant, v. W. M. DUNNA-
WAY et ux., Respondents.

Kansas City Court of Appeals, February 1, 1904.

1. **HOMESTEAD: Execution: Residence.** Visible occupancy of
premises as the head of a family at the time of the levy of a
writ fixes the homestead rights of the defendant; and if he
lives away from the premises an *animus revertendi* is not suffi-
cient to preserve the homestead right. And the facts in this
case are insufficient to show a homestead right.

2. ————: **Exchange: Sale: Reasonable Time.** One may exchange
his homestead for another and a reasonable time is allowed for
removing from the one to the other; or he may sell with the
intent to reinvest in another homestead and a reasonable time
will be allowed for such purpose, but occupancy can never
be disassociated from the homestead. (Cases considered and
distinguished.)

Appeal from Henry Circuit Court.—*Hon. W. W.
Graves*, Judge.

REVERSED.

*C. C. Dickinson, Jno. I. Hinkle, C. D. Corum* for
appellant.

(1) "It is the visible occupancy of the premises
as the head of a family at the time of the levy of the writ
which fixes the homestead rights." Brewing Ass'n v.
Howard, 150 Mo. 451; Barton v. Walker, 165 Mo. 30;
Finnegan v. Prindeville, 83 Mo. 517; Goode v.
Lewis, 118 Mo. 357; Tennent v. Pruitt, 94 Mo. 145;
Rouse v. Caton, 168 Mo. 296. (2) Our homestead
statute is transplanted from Vermont. And the rul-
ings there are in harmony with the decisions of this
State. True v. Marrill, 28 Vt. 672; Davis v. Andrews,
30 Vt. 678; Spalding v. Cram, 46 Vt. 292; Whitman v.

Field, 53 Vt. 554; Thorp v. Thorp. 70 Vt. 46.   (3)   The decisions in other States are to the same effect.   The courts almost universally holding that a homestead must be a place of actual residence.   McConnaughty v. Baxter, 55 Ala. 379; Tiller v. Bass, 57 Ark. 179; Babcock v. Gibbs, 52 Cal. 627; Fisher v. Cornell, 70 Ill. 216; Givans v. Dewey, 47 Iowa 414; Ingels v. Ingels, 50 Kan. 755; Kelly v. Dill, 23 Minn. 435; Austin v. Stanley, 46 N. H. 51; 2 Kerr on Real Property, sec. 1550.   (4)   In order that premises may be exempt, before actual occupancy, because of intention to occupy them as a homestead there must be something more than an undefined floating intention to build and dwell thereon.   There must be a clearly defined intention to occupy the premises presently and not an intention to occupy them at some indefinite time in the future.''   15 Am. and Eng. Enc. of Law, p. 579; Keys v. Bump, 59 Vt. 391; Swenson v. Kiehl, 21 Kas. 533; Faut v. Talbott, 81 Ky. 23; Coolidge v. Wells, 20 Mich. 79; Evans v. Coleman, 92 Mich. 427; Power v. Bird, 18 Mont. 22; Archibald v. Jacobs, 69 Tex. 248; Spaulding v. Crane, 46 Vt. 292; Bugbee v. Bemis, 50 Vt. 216; Bank v. Gale, 42 Vt. 27; Kerr on Real Property, sec. 1552, and cases cited; Currier v. Woodward, 62 N. H. 63; Christy v. Dyer, 14 Ia. 438; Elston v. Robinson, 23 Ia. 211; Oliver v. Snowden, 43 Am. Rep. 338; Groshalz v. Newman, 21 Wal. 486; Stoval v. Hibbs, 32 S. W. 1087; Luke v. Nolan, 81 Mich. 112; Batts v. Scott, 37 Tex. 59.

*Campbell & Duckworth* and *O. L. Houts* for respondents.

(1)   The intention of the party claiming the homestead is a material matter in determining whether or not the homestead was abandoned.   Mills v. Mills, 141 Mo. 195; Bealy v. Blake, 153 Mo. 657; Holmes v. Nichols, 93 Mo. App. 513; Thompson on Homesteads, sec. 265;

Duffy v. Willis, 99 Mo. 132; Macke v. Byrd, 131 Mo. 682. (2) Land acquired by exchange of a homestead, or purchase with the proceeds of a former homestead, need not necessarily be occupied immediately. A reasonable time must be allowed for the debtor to make the change, and to remove his family to the new home; and where there is no unreasonable delay, it will be exempt during the time intervening between its acquisition and its occupancy, and what is a reasonable time must be determined by all the facts and circumstances surrounding each case. 15 Am. and Eng. Enc. of Law, 601; Goode v. Lewis, 118 Mo. 357; Waples, Homestead & Ex., 438. (3) The case of St. Louis Brewing Ass'n v. Howard, 150 Mo. 445, relied upon by appellants, is so dissimilar in regard to the facts as to be inapplicable to this case. In that case the execution debtor never had a homestead in the property. In this case the only question is, was the homestead abandoned? (4) The question of homestead is more one of fact than of law, and the court having found from the evidence that respondents had a homestead in the 80 acres of land in question, this court will not disturb the finding. Dredging Co. v. Coal Co., 77 Mo. App. 362; Smith v. Zimmerman, 51 Mo. App. 519; Gaines v. Fender, 82 Mo. 509; Furniture Co. v. Davis, 86 Mo. App. 296.

ELLISON, J.—Plaintiff obtained a judgment against defendant and in attempting to enforce satisfaction thereof the sheriff levied an execution on eighty acres of land owned by him which did not exceed the value of homesteads as prescribed by statute. The defendant claimed the tract as his homestead and therefore exempt. The trial court sustained the claim and the plaintiff duly appealed to the Supreme Court from whence it was transferred to this court.

Accepting the testimony of the defendant in his own behalf we feel constrained to rule that his claim is ill founded. It appears that he is the head of a family

and has been all the time during the period covered by this controversy. About seven years prior to the levy of the execution he lived on a one hundred and sixty acre tract of land as a homestead. He moved from this and rented a smaller tract though he intended to move back again when he got in better financial condition. He never returned, but after living on the rented land for about two years, he exchanged the one hundred and sixty acre tract for the eighty in controversy on which there were no buildings, getting some money for the difference. He made this exchange also with a view of bettering his condition and with the intention of some 'time, when he could find himself financially able, of building a house on it and residing thereon. He then gave up the rented tract and moved with his family into the town of Windsor about 18 miles from the land in controversy. He has lived in the town continuously since, in a rented house, being a period of about five years, and has been engaged in business in the town and voted there at the local and general elections. He however says that all this time he has intended, when he could find himself able, to build a house on the eighty and reside there.

What was said by Judge Marshall in St. Louis Brewing Ass'n v. Howard, 150 Mo. 445, may well be repeated here:

"The defendant proceeded upon the idea that he could leave the property, be absent for years, engage in business elsewhere, keep his family in other places, live in rented houses and yet if all the time he claimed the property as a homestead and had an intention to return to it at some future time and occupy it as such, it was still his homestead in law and hence exempt from sale under legal process. In this, he was in error, for whilst such *animus revertendi* would preserve his residence in this State, it would not preserve his right to a homestead in this property, even if under the evidence in this case it could fairly be said that he ever had such a home-

stead right, which we do not think the evidence warrants, for it is a visible occupancy of the premises as the head of a family at the time of the levy of the writ which fixes the homestead rights of the defendant.'' That statement of the law is supported by a number of decisions.    Barton v. Walker, 165 Mo. l. c. 30; Finnegan v. Prindeville, 83 Mo. 517; Tennent v. Pruitt, 94 Mo. 145.

It is true that one may exchange his homestead for another and that reasonable time will be allowed him in which to remove from one to the other.   Or, he may sell one homestead with intent to invest the proceeds in another and a reasonable time will be allowed for such purpose.   State ex rel. v. Hull, 74 S. W. Rep. 888.   But the idea of occupancy can never become disassociated from the homestead.   Its name implies that.   The time of going from a former to a later homestead, will, of course, be governed by reasonable circumstances, but the circumstances detailed by defendant do not fill that requisite.   In Goode v. Lewis, 118 Mo. 357, the deeds for exchange were made and Lewis intended to remove to his newly acquired place as soon as he recovered from sickness then upon him.   He did not recover and in two months died without having carried out his intention. The court held such circumstances excused the delay and the failure to occupy.   Considering defendant's conduct and citizenship in residing elsewhere for several years; that the premises have no house enabling them to be occupied, and no more prospect of ever having than there has been in the past; it would be manifestly unfair to permit him to treat them as a homestead and a bar to the rights of his creditors.   Ross v. Hellyer, 26 Fed. Rep. 413.

The only case cited by defendant which, in its facts, lends any color to his claim is that of Duffey v. Willis, 99 Mo. 132.   There it was said that each case must rest upon its own peculiar facts, and while the claim made was upheld there though there was an absence of near

three years from the homestead formerly occupied, yet the property had only been rented by the month with a view of the claimant returning at any time. And before the indebtedness accrued which was the foundation of the proceedings against the property claimed, the owner's agent had dismissed the tenant preparatory to his return. The case is as far as any has gone, and the view that the homestead had not been abandoned was not made clear without some effort. But even if considered as opposed to the view we take of this case (which we do not) we must follow the later cases we have cited.

The result is that the judgment quashing the execution is reversed. All concur.