INGRAHAM V. DYER, *Appellant.*

Division Two, December 18, 1894.

1. **Practice:** APPEAL: WAIVER. Where a party does not appeal from a judgment against him upon one of two counts of a petition, he can not, on appeal, complain of the rulings of the trial court thereon.

2. **Homestead, Enjoining Sale of:** EXECUTION: ESTOPPEL: RES JUDICATA. A judgment debtor is not estopped, by the date of the judgment or of the note upon which the judgment is founded, from showing, in a suit to restrain the sale of his homestead under execution, that the note was antedated and was not, as a matter of fact, signed by him until after his homestead rights accrued.

3. ———: ———: REDEMPTION. One whose right to redeem his homestead from a trustee's sale has not expired has sufficient interest therein to restrain its sale under execution.

4. **Appellate Practice:** REVIEW OF TRIAL COURT'S ACTION. The appellate court can not go outside of the record to review the action of the trial court.

*Appeal from Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Frank Titus* for appellant.

(1) The judgment in case number 3313 can not be collaterally attacked as in this case. It is *res judicata.*

The date of execution of the note sued on is a fact admitted by defendant there, plaintiff here. It is a fact decided in, and necessary to, the judgment, and is conclusive on all parties. *Kopp v. Blessing*, 121 Mo. 391; *Nave v. Adams*, 107 Mo. 415; *Irvine v. Leyh*, 102 Mo. 200; *Health v. Frackleton*, 20 Wis. 320; *Chilton v. Reeves*, 29 Texas, 281; *Belvidere v. Railroad*, 34 N. J. Law, 197; *Outram v. Morewood*, 3 East, 346; *Burden v. Shannon*, 99 Mass. 203; *Railroad v. Blossbargh*, 20 Wall. 137; *Goodenow v. Litchfield*, 59 Iowa, 226; *Whitehurst v. Rogers*, 38 Md. 503; 2 Black on Judgments, secs. 691, 692, 759, 970, 971; 2 Freeman on Judgments [4 Ed.], sec. 435; 1 Herman on Estoppel, pp. 117, 122, 308, 548, 549. (2) The date of a promissory note is a material part of the instrument. *Owings v. Arnot*, 33 Mo. 406; *Capitol Bank v. Armstrong*, 62 Mo. 59; *Wood v. Steele*, 6 Wall. 80; *Stephens v. Graham*, 7 Serg. & R. 505; 1 Randolph on Com. Paper, sec. 84. (3) Defendant's objection to the testimony should have been sustained. No fraud was alleged in obtaining the judgment in number 3313. Ingraham had his day in court and could have then pleaded the matters he now pleads. *Shelbina Hotel Ass'n v. Parker*, 58 Mo. 327; *Kelly v. Hurt*, 74 Mo. 561; Freeman on Judgments [4 Ed.], sec. 337; *Beloit v. Morgan*, 7 Wall. 619; *Hempstead v. Watkins*, 6 Ark. (1 English) 317; *Davis v. Shafer*, 50 Fed. Rep. 764; *McLaws v. Moore*, 83 Geo. 177; *Lamb v. McConkey*, 76 Iowa, 47; *Tadlock v. Eccles*, 20 Texas, 782, 791; Thompson on Homestead, sec. 715; 1 Herman on Estoppel, p. 260. (4) Dyer's cause of action being in existence at the time that Ingraham acquired the land in Pendleton Heights, claimed as homestead, takes precedence of the homestead claim. R. S. 1889, sec. 5441; *Lincoln v. Rowe*, 64 Mo. 138; *Tennent v. Pruitt*, 94 Mo. 145; Freeman on Executions, sec. 249; *Fish v.*

*Hunt*, 81 Ky. 584.    And aside from the date of the
note sued on in case 3313 the cause of action evidenced
by said note existed from the moment Henry S. Ingra-
ham became debtor to Dyer, in December, 1885, or the
first of February, 1886.  *Montgomery Co. v. Auchley*, 92
Mo. 130;  *Green v. Cole*, 103 Mo. 76;  *Jackson v. Bull*, 1
Johns. Cases, 81.    (5) Plaintiff's testimony that he
was surety and not maker of the note sued on in case
3313 was inadmissible.    A surety who has signed note
as maker can not contradict or vary the writing as he
made it.    *Jones v. Shaw*, 67 Mo. 670;  *Sparks v. Dis-
patch Company*, 104 Mo. 541.    Such testimony is
doubly illegal where surety is sued and judgment ren-
dered against him as maker.    Brandt on Suretyship,
secs. 209, 210, 536.    (6) Plaintiff had no pretense of
lawful claim to homestead prior to filing his deed May
28, 1886.    He could have no homestead in Central
street land held by his mother and himself as tenants
in common or joint tenants.    *Case v. Joyce*, 89 Tenn.
337.    *Ward v. Huhn*, 16 Minn. 142;  *Fitzgerald v. Fer-
nandez*, 71 Cal. 504;  *Brown v. Keller*, 32 Ill. 151;
*Wolf v. Davis*, 5 Cal. 244;  Waples on Homestead, pp.
131, 137.   And the proceeds of the Central street land
never came to plaintiff.    They were kept and used by
H. S. Ingraham, who repaid the loan some two years
after.    This *lapsus* is too extended to maintain a
homestead even if one existed before sale.    Thompson
on Homestead, sec. 303;  *Cabeen v. Mulligan*, 37 Ill.
230;  *Dutton v. Woodbury*, 24 Iowa, 74.    And if any
homestead right accrued to plaintiff in the Pendleton
Heights lots under the deed to him filed May 28, 1886,
he by joint deed of himself and wife to Van Valken-
burgh, dated December 6, 1890, conveyed it away; and
the sale of said land under such deed, before the trial of
this cause, should have precluded plaintiff from obtain-
ing herein an allotment of homestead as against his

judgment creditor. *Kopp v. Blessing*, 121 Mo. 391; *Conn. Mut. Life Co. v. Jones*, 8 Fed. Rep. 303; *Babcock v. Hoey*, 11 Iowa, 375; *Bowman v. Norton*, 16 Cal. 214; *Chamberlain v. Leyll*, 3 Mich. 449; *Greer v. Major*, 114 Mo. 145. In Missouri a trustee has the legal title to land after condition broken. *Johnson v. Houston*, 47 Mo. 227; *Schanewerk v. Hoberecht*, 117 Mo. 22. But, whether such conveyance to trustee passed the homestead right or not, the absolute deed made by trustee Van Valkenburgh to John Look, October 24, 1893, assuredly extinguished the homestead. (7) Plaintiff's bill fails to state a case in equity. No fraud in defendant's judgment is set out. *Irvine v. Leyh*, 102 Mo. 207. The decree herein virtually annulling the judgment in case 3313 on the grounds in bill that Asa Ingraham, a stranger to this suit, was not summoned, is wholly indefensible. *State ex rel. Ozark Co. v. Tate*, 109 Mo. 265.

*Lewis H. Hatfield* for respondent.

(1) The weight of authority in the United States is that evidence may be produced and is admissible to show that one of two or more joint makers of a promissory note executed the same as a surety. 2 Daniels on Negotiable Instruments, p. 310; Parsons on Notes and Bills [1 Ed.], p. 233; Randolph on Commercial Paper [1 Ed.], p. 225; 2 Wharton, Law of Evidence [2 Ed.], secs. 952, 1060, *et seq.*; Greenleaf on Evidence [15 Ed.], sec. 281, note 10; *Horne v. Bodwell*, 5 Gray, 457; *Wilson v. Green*, 25 Vt. 450; *Rose v. Williams*, 5 Kan. 489; *Parry v. Hodriett*, 38 Ga. 104; *Hubbard v. Gurney*, 64 N. Y. 457; *Dairs v. Burrington*, 50 N. H. 517; *Bank v. Hoge*, 6 Ohio, 17. (2) A homestead right exists when occupied as such and acquired in accordance with the provision of the statutes in estates

held by joint tenants or tenants in common.   Thompson on Homesteads and Exemptions [1 Ed.], secs. 180–181, *et seq.*; Freeman on Cotenancy and Partition [1 Ed.], sec. 54; *Horn v. Tufts,* 39 N. H. 483; *Hewitt Rankin,* 41 Iowa, 35; *McClary v. Bixley,* 36 Vt. 254; *Ward v. Mayfield,* 41 Ark. 94; *Brown v. McLennem,* 60 Tex. 43; *Farrant v. Swain,* 15 Kan. 146; *In re Swearinger,* 5 Sawyer, C. C. 52; *McGrath v. Sinclair,* 55 Miss. 89; *Sherrid v. Southwick,* 43 Mich. 515; *Hasar v. Hass,* 27 Minn. 406; *Snedecor v. Freeman,* 71 Ala. 140; *Skouten v. Wood,* 57 Mo. 380.   (3)   No cause of action existed in favor of Dyer against the plaintiff herein, until October 21, 1886, the day he signed the note, and he acquired his homestead interest in what is known as the Wabash avenue property, when his deed was recorded, and he went into possession on June 6, 1886.   *A fortiori* there can be no question but that he is entitled to said property as a homestead free of any judgment lien in favor of Dyer, independent of the question of his having a homestead in the Central street property.   R. S. 1889, secs. 5435–5441; *Casebolt v. Donaldson,* 67 Mo. 308.   (4)   A homestead purchased with the proceeds of a former homestead is exempt from execution and attachment.   R. S. 1889, sec. 5442; *Smith v. Enos,* 91 Mo. 579; *Kendall v. Powers,* 96 Mo. 142.   (5)   Plaintiff's petition states a cause of action against the defendant for the reason that a bill in equity will lie to secure relief from a cloud cast upon title by levy or sale under execution, and is the proper remedy to prevent such levy and sale or remove the same when made.   *Bank v. Evans,* 51 Mo. 335; *Martin v. Jones,* 72 Mo. 26; *Church v. Hintze,* 72 Mo. 364; *Haenssler v. Thomas,* 4 Mo. App. 470; *Oakley v. Williamsburgh,* 6 Paige (N. Y.), 262; *Hinckley v. Haines,* 69 Me. 76; *Colley v. Duncas,* 47 Ga. 668 (474); *Judd v. Hatch,* 31 Iowa, 491; *Tucker v. Kenn-*

*ston*, 47 N. H. 267; *Bank v. Schultz*, 26 Ohio St. 471; *Uhe v. May*, 5 Neb. 157; *Lewton v. Homer*, 18 Fla. 872; *Asher v. Mitchell*, 92 Ill. 480.

GANTT, P. J.—This is a suit in equity to restrain the sale of certain real estate in Kansas City under a judgment of the circuit court of Jackson county rendered in favor of Leigh R. Dyer *v.* Henry S. Ingraham, Asa Ingraham and Dorson P. Ingraham on the fourth day of December, 1889, on the ground that the same is exempt as the homestead of Dorson P. Ingraham, the plaintiff. There was also a second count in the petition, asking to have the judgment set aside on the ground of the unauthorized appearance of attorneys for Asa Ingraham, but inasmuch as the judgment of the circuit court was against the plaintiff on this second count, and he has not appealed therefrom, the decree of the court in favor of plaintiff on the first count presents the only matter for our consideration.

The judgment from which the plaintiff seeks to exempt the homestead was obtained on a promissory note dated February 1, 1886, for $3,780.47, payable to Leigh R. Dyer, due on or before three years after date, and was signed by Henry S. Ingraham, Asa Ingraham and Dorson P. Ingraham.

The ground upon which the plaintiff sought relief was that the indebtedness upon which the judgment was based accrued on the twenty-first day of October, 1886, so far as it bound him, and not on February 1, 1886, and that his deed to his homestead was obtained and recorded May 28, 1886. The defendant denies that plaintiff is entitled to a homestead exemption in this land for several reasons: *first*, that the judgment having been rendered on a note dated February 1, 1886, forever estops plaintiff from averring that his homestead accruing May 28, 1886, was vested prior to

the debt on which said judgment was based; *secondly*, that plaintiff only had an undivided joint interest in a certain tract of land, in conjunction with his mother the proceeds of which plaintiff claims purchased the tract in dispute, and there could be no homestead in said Central street property so held by his mother and plaintiff as tenants in common or joint tenants; *thirdly*, that plaintiff had, by deed of trust, in which his wife had joined, conveyed all his interest in this lot to secure certain other debts; that default had been made and the trustee, Van Valkenberg, had sold all of plaintiff's interest in the lots; therefore he had no interest in the subject-matter of this action.

The evidence in the case very conclusively shows, and the trial court so found, that the note, upon which Leigh R. Dyer, the defendant in this action, obtained his judgment in the circuit court in December, 1889, was not in existence until October 21, 1886, and that at that date the plaintiff Dorson P. Ingraham, for the first time, was requested to sign it, which he did, as surety for his father, Henry S. Ingraham. The note, by agreement, was antedated in pursuance of a contract between Dyer and plaintiff's father of date October 21, 1886.

The property now in question, and known as the Wabash avenue property, was deeded to plaintiff on May 27, 1886, and he with his family went into possession of the same on June 6, 1886, and has occupied the same as a homestead ever since; the deed to said property was recorded on May 28, A. D. 1886, several months before the note upon which judgment was rendered was in existence.

The court thereupon decreed herein that the note sued on in said judgment was not executed and delivered until October 21, 1886, and that, prior to said

date, said Dyer had no cause of action against D. P. Ingraham; that plaintiff was entitled to a homestead in the Pendleton Heights' lots previous to the execution of said note, and said lots are declared free from the lien of said judgment, and the said judgment creditor Dyer, defendant herein, is perpetually enjoined from levying on said lots, and that said judgment have no force and effect as to said property.

Did the circuit court err in permitting plaintiff to show that the note upon which defendant's judgment was founded was in fact not executed or delivered by plaintiff until five months after his homestead deed was recorded? Defendant insists it did. The argument of his learned counsel on this point is thus summarized: "The judgment in this case, as it stands, declares the law in Missouri to be, that a man may make and deliver his promissory note in due form; may be sued on the same; may be summoned, appear and answer, admitting his execution of the note and the other allegations in the petition, without disclosing any defense, valid or otherwise; may suffer judgment against himself according to the tenor of the note with computation of amount of judgment based on the date and maturity of note as stated therein; may acquiesce in such judgment for years, and then in a collateral suit nullify and destroy such judgment, or the note itself, and without showing payment thereof, or any matter of alleged defense, but what was in existence and known to him at the time of being sued; showing merely that he signed the note upon a day other than that disclosed by the note itself."

On the other hand counsel for plaintiff contends that this action in no manner affects plaintiff's judgment; that it stands unaffected by the decree exempting this land from its lien and that the liability of this piece of realty to be sold under defendant's judgment

could not have been, and was in fact not, raised in any pleading in the case in which the judgment was obtained, and, therefore, the doctrine of *res adjudicata* can not apply.

We think plaintiff is right. The defendant's judgment is not in issue. It stands confessed that he has a valid subsisting judgment for the amount and of the date rendered and the sole inquiry here is simply whether the specific property levied upon is subject to that judgment, in view of the claim of a homestead therein.

In *Murphy v. DeFrance*, 105 Mo. 53, it was earnestly contended by respondent that, when lands were sold by order of the probate court to pay debts, *the record of the probate court was the only proper evidence of the fact that the debt for which it was sold was antecedent to the homestead*, and it had been so held in *Daudt v. Harmon*, 16 Mo. App. 203, but this court held that there was no good reason, either in the law of evidence or on grounds of public policy, why a grantee in an administrator's or sheriff's deed might not show that the debt on which the allowance or judgment was based was in fact antecedent to the homestead right whether it appeared on the face of the allowance or judgment, or not. Afterwards, in *Anthony v. Rice*, 110 Mo. 223, the court in banc again held that "the parties are not confined to the recitals in the judgment of the probate court but the date of the contracting of the debts may be shown by any competent evidence," and on this point reaffirmed *Murphy v. DeFrance*.

So far as we are advised, no court has ever held in this state that the plaintiff was estopped by the date of his judgment, or note on which his judgment was obtained, from showing that the indebtedness accrued prior to the date of the note, or the judgment, for the purpose of defeating a homestead. In so doing it was

never supposed he was collaterally attacking his own judgment. If the plaintiff in the judgment seeking to enforce it, or the grantee in the sheriff's deed under it, is not estopped from inquiring as to the date when the indebtedness accrued, why should the defendant, who claims the homestead, be estopped from showing the same. The fact is that, ordinarily, no such issue is involved in obtaining the judgment, and, unless it is, there is no reason for sustaining, an estoppel and preventing the truth appearing, whether it is offered by plaintiff or defendant. We think the circuit court properly allowed the plaintiff to show, as between himself and defendant, who was a party to the original indebtedness and the note, that the note was antedated in compliance with an agreement of the principals to the note and as a matter of fact plaintiff, who was a surety, never signed the note until October 21, 1886, long after the homestead accrued. *Perrin v. Sargeant*, 33 Vt. 84; *Weaver's Estate*, 25 Pa. St. 434; *Reed v. Defebaugh*, 24 Pa. St. 495.

The date of the note was not an essential fact to be found in the judgment. The note took effect from its delivery, but it was perfectly competent for the parties to agree that it should draw interest from February 1, 1886, and it would not have defeated a recovery, although it was not delivered till October 21, 1886. But, at all events, the question of subjecting this particular land to that judgment was not adjudicated.

Having reached this conclusion, it becomes unnecessary to inquire into the homestead right in the Central street property. As plaintiff's right to redeem the lot from the trustee's sale had not expired when this action was brought, the third point must also be ruled against defendant.

It is hardly necessary to say that we can not consider certain exhibits filed to show that the plaintiff did

not redeem the land but suffered the deed to be made. We can not go outside of the record to review the action of trial courts. The judgment is affirmed. All of this division concur.